[No. 13012.  Department Two.  April 1, 1916.]

HENNING OBERG, *Appellant*, v. A. J. BERG, *Respondent*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES—NEGLI-
GENCE—PROXIMATE CAUSE—QUESTION FOR JURY. Whether defendant
was guilty of negligence in leaving his automobile on a grade in
such a way that it started by force of gravity and injured plaintiff,
or whether his negligence was the proximate cause of the injury,
are questions for the jury, where it is shown that the car would
not have started if it had been properly secured, that it did start
very soon after plaintiff left it, and the evidence was conflicting
as to whether any one meddled with it.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 26, 1915, upon the ver-
dict of a jury rendered in favor of the defendant by direc-
tion of the court, in an action in tort. Reversed.

*Arctander & Jacobsen*, for appellant.

*Elias A. Wright* and *Sam A. Wright*, for respondent.

PARKER, J.—The plaintiff, Oberg, seeks recovery of dam-
ages which he claims resulted to him from the negligence of
the defendant, Berg, in that he left his automobile upon
Union street, in Seattle, in such an insecure position that it
started by the force of gravity alone and ran over the plain-
tiff, inflicting upon him injuries for which he seeks recovery.
At the conclusion of all the evidence, upon motion of counsel
for the defendant, the trial judge directed the jury to re-
turn a verdict in favor of the defendant, which was accord-
ingly done and judgment entered thereon, from which the
plaintiff has appealed, his counsel insisting that the evidence
was sufficient to carry the case to the jury upon the ques-
tion of defendant's negligence.

Union street, between Second and Third avenues, has con-
siderable of a down grade towards Second avenue to the west,
the grade being such that an automobile standing upon that

[1]Reported in 156 Pac. 391.

portion of Union street is required to be well secured in place to prevent it from running down the street by the force of gravity. At the time of the injury to appellant for which recovery is sought in this action, respondent drove his automobile down Union street from Third avenue, stopping on the north side at the curb of Union street, to the east and just above the alley between the avenues, so that his automobile stood nearly parallel with the curb. He says that he applied his emergency brake, making it fast in the usual manner, and cramped the right front wheel against the curb. He then left the machine, proceeding into a nearby restaurant. Very soon after he left the machine—the jury might have concluded that it was within one or two minutes— the machine started down Union street, and having obtained considerable momentum, ran over appellant, causing the injuries for which he seeks recovery. There was testimony tending to show that, just after the machine was left by respondent, a boy was seen meddling with it. There was also testimony tending to show that the machine, at all times from the time it was left by respondent until it started and ran down the street and injured appellant, was not touched or meddled with by any person. The evidence is conflicting upon the question of any one meddling with the machine during that period and that being the cause of its starting.

Let us consider the question of respondent's negligence without regard to the question of another person meddling with the machine after it was left by respondent, and first determine whether the other evidence alone was such as to call for the submission of the case to the jury upon the question of respondent's negligence. The problem, in its last analysis, is whether or not the starting of the machine by the mere force of gravity, assuming no one touched it after it was left by respondent, was sufficient under the circumstances to warrant the jury concluding that respondent was negligent in not properly securing the machine in position

when he left it.   In 1 Shearman & Redfield, Negligence (5th ed.), § 59, we read:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

These observations of the learned authors were quoted with approval by this court in *Wodnik v. Luna Park Amusement Co.*, 69 Wash. 638, 125 Pac. 941, 42 L. R. A. (N. S.) 1070, and we think are decisive in support of appellant's contention.   We have seen that Union street at this point is of such a grade that an automobile standing thereon must be secured in place with considerable care to prevent it running down the street by the force of gravity alone, and that the machine had been brought to rest by respondent a very short time before it did start and run over appellant.   It also seems plain, as shown by the evidence, that, had the machine been properly secured, it would not, by the force of gravity alone, have started.   In the light of these considerations, we think the jury might have concluded, as reasonable men, that the machine started by the force of gravity alone and because of respondent's negligence in not properly securing it when he left it.   While it may be conceded that these facts standing alone would not make a very convincing case against respondent, we think it cannot be said that reasonable minds might not differ as to the proper conclusion to be drawn therefrom.

It seems plain to us that the question of respondent's negligence cannot be resolved in his favor as a question of law upon the theory that the machine was started by the meddling of some other person for whose actions he was not responsible, since that would be a question of fact for the jury to decide, in view of the conflicting evidence thereon.   Counsel for respondent call to our attention, and rely upon, the decisions

of the New York courts in *Berman v. Schultz*, 84 N. Y. Supp. 292, and *Vincent v. Crandall & Godley Co.*, 131 App. Div. 200, 115 N. Y. Supp. 600. The *Berman* case was presented to the court as a question of fact, the cause being evidently tried without a jury. If this case had been so tried and the judge had found in favor of the respondent, we probably would not have disturbed such finding. But this is not a case for the determination of the court as a question of fact upon the merits, but only for the determination of the question of whether or not the evidence was sufficient to carry the case to the jury upon the question of respondent's negligence. They might or might not have found for the respondent. In the *Vincent* case, it appears that it was stipulated upon the trial that, while the machine was securely left by its owner, it was started by the wilful act of some mischievous boys, concededly bringing into the case an intervening cause for which the defendant was not responsible.     ·

Counsel for respondent also direct our attention to the decision of this court in *Lewinn v. Murphy*, 63 Wash. 356, 115 Pac. 740, Ann. Cas. 1912 D. 433, involving an injury to a workman by the falling of a piece of timber from an upper story of a building which was in the course of construction, in which case it was held that there was no proof of facts from which negligence of the employer could be inferred. That case, we think, is distinguishable from this, as appears from the following observations at page 361 of the opinion:

"There is nothing in the case before us to justify a holding that the falling of a piece of timber in an incompleted building, with practically open spaces between the different floors, is of such an unusual and extraordinary occurrence that it would not happen except for want of due care on the part of the contractor, or that the cause of the fall was something over which the contractor had absolute and complete control; and that in the nature of things there could be no fall except in the negligent doing of some act peculiarly within the knowledge and control of the contractor. If the

falling object was one that had been permanently put in place, upon whose stability, firmness and immovability the employee had a right to rely, and to assume the use of due care and caution in making it firm and stable, there might be debatable ground for the application of such a rule, but we can find none in the situation presented in this record."

We conclude that it was for the jury to say whether or not respondent was negligent, and whether or not such negligence was the proximate cause of the machine starting and of appellant's injury. The judgment is reversed, and appellant is granted a new trial. The case is remanded to the superior court for further proceedings.

MAIN, BAUSMAN, and HOLCOMB, JJ., concur.