[No. 18445.    Department One.    March 17, 1924.]

MAX JOSEPH *et al., Appellants,* v. HENRY H. SCHWARTZ, *Respondent.*[1]

MUNICIPAL CORPORATIONS (380)—USE OF STREETS—AUTOMOBILES—NEGLIGENCE—STATUTES—CONSTRUCTION. Rem. Comp. Stat., § 6347, providing that it shall be unlawful to leave any vehicle upon the main traveled portion of any highway, has no application to the parking of an automobile at the unused side of a city street, if it has any application at all to city streets.

SAME (387)— AUTOMOBILES — NEGLIGENCE — PRESUMPTIONS — RES IPSA LOQUITUR. In an action for damages through the unexplained release and running away of an automobile, parked on a steep incline, the doctrine of *res ipsa loquitur* has no application, where it securely held its position for five or six hours.

Appeal from a judgment of the superior court for King county, Davidson, J., entered July 9, 1923, upon granting a nonsuit, in an action for damages to real property. Affirmed.

*H. E. Foster,* for appellants.
*John W. Heal, Jr.,* for respondent.

TOLMAN, J.—Appellants, as plaintiffs, brought this action to recover for damages alleged to have been caused to their real property by an automobile belonging to the defendant, which, it is alleged, he habitually left parked at night on a public street of the city of Seattle at a point two blocks from the plaintiffs' property, there being a considerable incline or slope from the parking point to the property which was damaged. It is alleged that the defendant so carelessly parked the car on the sloping street and so negligently secured it that the automobile, by reason of the negligent parking and securing, started down the

[1]Reported in 224 Pac. 5.

street and ran upon and damaged the plaintiffs' property.

The only attempt to prove negligence was by calling the defendant as a witness, and he, after admitting the slope of the street from the place of parking to the plaintiffs' property, testified that it was his habit to park the car at the place mentioned before his own residence, in order that he might start it without the use of the battery; that he had done so for a considerable time when the nights were cool making the car hard to start in the morning. Being a physician, his hours were irregular; he was often called in the night; his car was an old model, hard to start, and he found this practice convenient. He testified that the car was in good order, and that, on the night in question, he parked it at about 6:30 or 7.00 o'clock in the evening, saw it still safely standing as he had left it as late as 12:00 or 1:00 o'clock that night, and the first he knew of its having moved, or been moved, was when he was called out of bed the next morning and so informed, and on investigation he found the car on plaintiffs' property. Other witnesses testified to the car being on the plaintiffs' property in the morning, and one witness testified to hearing a noise at about 3:00 o'clock in the morning which might have been caused by the car striking a tree or the retaining wall on the property damaged. No other evidence whatsoever throwing any light upon how or when the car started from its parking place was offered. At the close of plaintiff's case, a motion for a nonsuit was interposed and granted, and the plaintiffs have appealed.

Appellants call attention to § 35 of ch. 96, Laws of 1921, p. 276 [Rem. Comp. Stat., § 6347], which, in effect, provides that it shall be unlawful to leave any vehicle standing on the main traveled portion of any highway. This statute is not here applicable; first,

because there is no semblance of proof that the car was left standing on the main traveled portion of the street. There are some allegations in the pleadings with respect thereto, but the pleadings are not evidence. Second, because we greatly doubt the intent of the legislature, by the use of the words "main traveled portion of any highway in this state," to mean a city street. If so, all parking on streets is unlawful, and the right of the local authorities to regulate and permit parking, which seems to be necessary under modern conditions, is wholly taken away.

Appellants seem to contend that the rule of *res ipsa loquitur* applies, and cite the case of *Oberg v. Berg,* 90 Wash. 435, 156 Pac. 391, as sustaining that view; but in that case it is pointed out, "very soon after he left the machine—the jury might have concluded that it was within one or two minutes—the machine started down Union street," while here, the testimony is that the machine was so securely parked that it stood as left five or six hours afterwards. Can we say that when an automobile parked on an incline sufficient to start it in motion as soon as the brakes are released, having so stood for at least five or six hours, thereafter is shown to have moved, that its moving may be by the jury presumed, in the absence of explanation, to be the result of negligence in securing it in the first instance? We are cited to no authority where such a rule has been applied, and, in our opinion, the fact that the car stood on the incline from 6:30 or 7:00 o'clock in the evening until midnight or after, makes the rule of *res ipsa loquitur* inapplicable, even if it would otherwise be applicable.

There being no evidence of negligence to go to the jury, the judgment is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.