HUGHES, Executor, Appellant, vs. RENTSCHLER FLORAL
COMPANY, Respondent.

*April 6—May 3, 1927.*

*Automobiles: Parked car coasting down hill: Negligence: Question
for jury.*

The driver of defendant's delivery truck stopped at the street
curbing on a steep incline to enable him to deliver a package
at the house of a customer, and during his absence the truck
started, coasted down the hill and struck a young woman, in-
flicting injuries resulting in her death. *Held* that, although
the driver testified that he set the brakes tightly and cramped
the wheel against the curb, the jury were not bound to accept
the testimony in view of all the facts, as they might find the
driver mistaken or his memory faulty; and it was error for
the trial judge to direct a verdict for the defendant.

APPEAL from a judgment of the circuit court for Dane
county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed,
with directions.*

This is an appeal from a judgment dismissing the plaint-
iff's complaint with costs.

The action was brought by the executor of the estate of
Elizabeth Hughes, deceased, to recover damages by reason
of accidental injuries to Miss Hughes resulting in her death.
There was a trial before a jury, and at the conclusion of

the evidence the court granted the defendant's motion for a directed verdict in favor of the defendant, and dismissed the complaint. The plaintiff appealed on the ground that the evidence presented a jury question.

For the appellant there was a brief by *Schubring, Ryan, Clarke & Petersen,* and oral argument by *Ralph E. Axley* and *William Ryan,* all of Madison.

For the respondent there was a brief by *Sanborn, Blake & Aberg,* attorneys, and *Ernest H. Pett,* of counsel, all of Madison, and oral argument by *Mr. John B. Sanborn* and *Mr. Pett.*

CROWNHART, J.   The essential facts in the case are simple, and are practically undisputed. The deceased was a young woman, residing in the city of Madison. While walking along the west side of North Hamilton street, in the city of Madison, at about 5 p. m. on February 17, 1926, she was struck by the respondent's Dodge truck. The respondent's truck had been driven by a young man by the name of Skelly to a point opposite No. 119 North Hamilton street, where he was to make delivery of a package of flowers. Skelly testified that he drove the truck opposite No. 119 North Hamilton street, cramped the right wheel against the curb, and put on the emergency brake. He thereupon attempted to deliver his package at No. 119, and while waiting there for an answer to the bell he noticed a woman attempting to get a Chevrolet car out from behind his truck. He did not find his party at No. 119, and went to No. 121 North Hamilton street and went upstairs to make delivery. When he returned, some four or five minutes later, he discovered that his truck had moved down North Hamilton street, had crossed East Dayton street, and was just bumping into a building on the opposite side of East Dayton street. North Hamilton street, in the block in question, has a grade of seven per cent. down to East Dayton street.

A high school girl, by the name of Alice Brattrud, was going down North Hamilton street on the right-hand side, and noticed the woman who was trying to get her Chevrolet out on to the street from behind the truck. She testified that the Chevrolet touched the truck but did not move the truck. After the woman got out with her Chevrolet car, Miss Brattrud crossed the street directly in front of the truck, and at that time the truck was not in motion. After she had crossed the street she noticed the truck in motion going down North Hamilton street with increasing speed, and saw the accident. The driver of the truck testified that the brakes on the truck were in good order and that they would hold the truck. An experienced mechanic testified that a hard bump on the hind end of a Dodge truck might release the brake. He examined the car after the accident and found no evidence of a blow in the rear of the automobile. He testified:

"*Q.* If you found on examining the automobile no blow in the rear part of the automobile and the brakes were nevertheless released, it would be your conclusion as an expert that the brakes had not been set, isn't that right? *A.* Yes, sir."

Skelly testified that he went back that evening and looked at the tracks made by his truck, and found that the tracks started "right from where I left it. . . . It ran along the curb a little ways, that is all we could see. . . . Those tracks went straight from the place I left it."

It was a misty, rainy day. It had been thawing and it was soft,—the curb was wet. It was the duty of the driver of the truck, in stopping the truck on a steep decline when the streets were wet and slippery, to take extra precautions before· leaving it to see that it was sufficiently braked to keep it from getting away while he was absent. The question then presents itself whether or not the evidence as here recited was sufficient to take the question to the jury as to whether or not the driver had used ordinary care in pro-

tecting his car from going down hill in his absence. Un-
questionably, if the testimony of the driver is to be taken as
absolutely true, to the effect that he put his brake on tightly
and cramped the wheel in against the curb, such action on
his part would be ordinary care. We do not think the jury
were bound to accept his statement, in view of all the facts,
as being true. The jury might find that he was mistaken
or that his memory was at fault.

Skelly testified that when the brake on the truck was
properly set, the wheels would slide and not turn. It is
a matter of common knowledge that when the wheels of
an automobile, rubber-tired, slide on the pavement, they
leave well-recognized marks. After the accident Skelly ex-
amined the pavement at the point where his truck got away,
and he did not claim to have found any such marks. We
may assume he did not find them. Witnesses who saw the
truck in motion did not testify to any sliding of the wheels.
From these facts we think the jury might infer that the
brake had not been properly set.

When Skelly left his truck he intended to be away from
it but a very short time and it would not be out of his sight,
but it turned out that he was at the wrong number and he
was away from the truck longer than he intended to be.
When he examined the tracks that evening after the acci-
dent, he testified that his truck moved straight ahead along
the curb. If the right wheel had been cramped shortly
against the curb, the friction between the curb and the tire,
if the truck had been moved slightly ahead, would tend to
throw the left wheel around to the curb. The contention is
that the Chevrolet bumped the truck and released the brakes,
but we think the evidence on that point was for the jury.
There is no evidence that the Chevrolet bumped the car hard
enough to move the truck or release the brakes, and the
testimony is to the effect that it did not move the truck.
The only witness on this subject, who saw the Chevrolet

touch the truck, testified that after the Chevrolet had gone she walked across the street directly in front of the truck, and the truck was not in motion, but that shortly after she crossed the street she noticed the truck in motion. Skelly testified that "immediately after the accident when I saw the truck down near the house the emergency brake was just a little on,—you might say it was just about off." It is clear from the evidence that no one had disturbed the brake after he left the car and before the accident. It is fairly certain that the touch that the Chevrolet gave to the truck did not release the brake. Certainly that was a question for the jury under all the facts and circumstances. Taking the testimony of Skelly as to the condition of the brake immediately after the accident, in connection with his testimony as to cramping the car into the curb and setting the brake, we think the jury could fairly find that the driver did not cramp the wheel against the curb sufficiently to hold, and that he did not set the brake any more than he found it set after the accident, that is, but slightly. There is no doubt that the brake was not set sufficiently to hold the truck, and it was not cramped against the curb sufficiently to hold unless it can be said from the testimony that the Chevrolet hit it hard enough to move it and release the brake. The best that can be said in favor of the defense is that the question as to whether the Chevrolet car bumped the truck hard enough to release the brake or to move it away from the curb was for the jury. We are of the opinion that the circuit judge should have submitted the case to the jury.

*By the Court.*—The judgment is reversed, with directions to grant a new trial.