PHILIP SHERIDAN, RESPONDENT, v. ARROW SANITARY LAUNDRY COMPANY, A CORPORATION, AND RALPH E. FOWLER, APPELLANTS.

Argued February 6, 1929—Decided May 20, 1929.

For the respondent, *William E. Holmwood.*

For the appellants, *Kellogg & Chance.*

The opinion of the court was delivered by

CASE, J.  A judgment was entered in the Essex County Circuit Court upon a jury verdict in favor of the plaintiff below, against the defendants below, for personal injuries caused by an automobile truck owned by the defendant Arrow Sanitary Laundry Company, and, until a few minutes before the accident, operated by the defendant Fowler, an employe of the laundry company, in and about its business.  The laundry truck, without driver or occupant, traveled along Bigelow street, Newark, left its proper (right) side of the highway, mounted the opposite curb and there crushed the plaintiff, standing partly on the curb and partly in the street, against a motor truck which he was preparing to enter.  Fowler testified that Bigelow street had quite a steep grade; that he didn't know any hill on his route as steep as that one; that he in the course of his employment had parked his car against the right hand curb of Bigelow street; that in parking he pulled toward the curb on an angle, the right front wheel turned into the curb, the rear of the car two or three feet from the curb; that he "pulled up" the brake and shut off the motor; that he then entered a customer's house and was there about fifteen minutes; that when he came out the car was down at the scene of the accident, "it ran down the hill into the other truck"—a block distant, and the plaintiff had been taken away; that the brake was "O. K.;" that he had from time to time, when in that neighborhood, seen a number of children but did not see any there that day.  Fowler also testified that after the accident he and Mr. Sommer (an officer of the laundry company) tested the brake bands and did not put on new ones as the old ones were all right; which testimony was at variance with the witness' earlier signed statement, put in evidence, wherein Fowler asserted that while the bands were found all right, new ones were nevertheless in-

stalled. Fowler further testified that upon his arrival at the scene of the accident the brake of his truck was in neutral; though there was no clear testimony that anything had been done to the brakes since he last left them. Also there was evidence by one Bernstein who, with two others, pushed the laundry truck back from the injured plaintiff, that while he thinks —without being certain—that the brakes were on there was no trouble pushing the truck back. Defendants, in their grounds of appeal, allege three errors but on their argument and brief waive one of them and contend that the trial court erred (1) in denying the motion for a direction of verdict in favor of the defendants, and (2) in refusing to charge as requested in the language hereinafter recited.

At the close of plaintiff's case there was no evidence as to the manner in which the car had been parked, but the incidents of the accident were in proof, as were the damages caused, the ownership of the truck, the identity of the driver employed to operate the same and the fact that he had been in physical control only a few minutes earlier.

True, automobiles are not generally held to be dangerous instrumentalities *per se;* but they have dangerous potentialities and, when not handled carefully by competent persons, become, under certain conditions, highly dangerous instrumentalities and a public menace. *Wilson* v. *Brauer,* 97 *N. J. L.* 482. It has been held that the unexplained presence upon the public highway of a team of runaway horses, harnessed to a wagon, unattended by the owner or other person, raises a *prima facie* presumption of negligence on the part of the owner. *Dennery* v. *Great Atlantic and Pacific Tea Co.,* 82 *Id.* 517.

It was in evidence as part of plaintiff's case that Fowler had shortly before the accident left the truck on the same street about one hundred and ninety or two hundred feet above the scene of the accident, and on the opposite side from where the accident occurred; that the street had quite a grade; and that while the policeman summoned to the scene was still on the ground, Fowler came running down the hill and wanted to know where his truck was.

The unexplained presence upon the public highway of this "runaway" motor truck, without driver or occupant, moving along the highway to the far side thereof, mounting the curb and doing serious physical injury to a person lawfully there, raises a *prima facie* presumption of negligence on the part of the owner and on the part of the owner's employe in whose charge the car was. The defendants apparently accepted that as the legal status at the close of plaintiff's case; at any rate they proceeded to their defense without the formality of a motion for nonsuit.

The question now is whether, at the close of the entire case the evidence adduced was of such character and weight as to overcome all presumption and proofs of defendants' negligence and to create such a situation as that the court, as a matter of law, was obliged to direct a verdict in favor of the defendants. The general rule was stated in *Spanko* v. *Spitalnick*, 101 *N. J. L.* 5, as follows: "The general rule is that a person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances. Failure to exercise such care, whereby the machine, without any interfering willful act of another, but by force of gravity, or some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in an action for damages." We think that there was evidence sufficient to raise a jury question as to whether Fowler had exercised such care as a person of ordinary prudence would exercise in the circumstances. Did he adequately brake the car? There was evidence susceptible of the version that the car when it arrived at the scene of the accident was not braked. On a steep hill was braking the car sufficient or should the gear have been put in reverse? Were the brake bands in good condition or was there some sinister significance in Fowler's earlier statement that they were replaced immediately after the accident? These are instances of questions that only the jury could answer. In *Smith* v. *New York, Susquehanna and Western Railroad Co.*, 46 *Id.* 7, the accident giving rise to the suit had been occasioned by a car loaded with

stone, coupled with other cars, which had been put at a safe distance on a siding, and there was testimony tending to prove that the brakes had been put on all these cars and a railroad tie placed beneath the wheels of the loaded car. The siding inclined towards the main track (where the accident occurred) and there was no direct evidence manifesting how it was these cars had come to be standing on the main track. The trial judge left the determination of negligence to the jury and refused certain requests by the defendant to charge. These requests would have committed the court to the doctrine that the action could not be supported if the cars in question were so securely fastened that but for the intervention of extraneous force they would not have got upon the main track, or if that, they would not have done so without the unlawful action of human agency. The Supreme Court, in an opinion by Chief Justice Beasley, held that there was no legal measure by which it could be predicated *as a matter of law,* that if a loaded car be placed on a switch which had an inclination towards the main track, such car being so secured by its brake and a railroad tie under its wheels that it could not change its position without the removal of such safeguards, such car was to be considered as secured with that degree of care, and skill and prudence which the law requires to be exercised in such matters; and that such a question was essentially one for the decision of the jury.

In the instant case the questions to be resolved included not only whether the safeguarding of the car, as testified to by Fowler, met that degree of care and prudence which the law requires to be exercised under such circumstances, but also whether, in the light of other evidence, the car was actually so safeguarded and whether the brakes, even if set, were in proper condition to hold the car on so steep a grade. Hence, the motion for the direction of a verdict was properly denied.

Defendants' remaining ground of appeal is that the court refused to charge the following request:

"Your verdict should be for the defendants if you find from the evidence that the defendant Fowler left his truck with the

engine turned off, the brakes securely set and the wheels turned toward the curb, with the right front wheel against the curb."

Without proceeding further into a discussion of the legal concept contained within the request, it is sufficient to say that the request omits the recital of salient facts, and that the trial judge is not required to charge what the law would be if certain isolated facts constituted the entire case. *Consolidated Traction Co.* v. *Behr,* 59 *N. J. L.* 477. The request was properly refused.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.