MEYER CLARE *vs.* DAVID FREEDMAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1933—decided January 3d, 1934.

*Irving Schlossberg,* with whom was *Josiah H. Peck,* for the appellant (defendant).

*James B. Henry,* for the appellee (plaintiff).

MALTBIE, C. J. For some twenty years before 1932 the plaintiff had purchased goods of the defendant upon a running account upon which the former made payments from time to time. In 1924 the plaintiff loaned the defendant $3000, which was unpaid in December, 1932. He asked the defendant for a settlement and the latter prepared and presented to him a statement of account, showing $810.39 to be due the plaintiff. In this statement were included three charges against the plaintiff for interest upon the sums due upon the open account, amounting in all to $317.44. The defendant at the same time gave the plaintiff a check for the balance shown to be due in the statement, on which was a brief summary of the account, including the items of interest charges, and above it, in printed form, the following: "By indorsement this check is accepted in full payment of the following account." The check was indorsed by the plaintiff and deposited in his bank. It was not until a few days later that he discovered that interest charges had been made against him. He can read English only to a limited extent. He has brought this action to recover the amount of the interest charges from the defendant.

In the absence of usage or agreement, the defendant had no right to charge the plaintiff interest upon the balance due from time to time upon the running account between them. *Selleck* v. *French,* 1 Conn. 32, 34; *Crosby* v. *Mason,* 32 Conn. 482, 488; *Clark* v. *Clark,* 46 Conn. 586, 590; 33 C. J. 207. The defendant claims, however, that the delivery of the check and its acceptance by the plaintiff under the circumstances amounted to an accord and satisfaction which is binding upon the latter. When parties are in dispute as to an amount due from one to the other and the debtor

tenders a less sum than is claimed, accompanied by acts or declarations such as amount to a condition that if it is accepted it is accepted in satisfaction, and such that the creditor is bound to understand that it is so offered, the creditor must refuse the payment or accept it upon that condition. *Hanley Co., Inc.* v. *American Cement Co.*, 108 Conn. 469, 472, 143 Atl. 566; *Crucible Steel Co.* v. *Premier Mfg. Co.*, 94 Conn. 652, 656, 110 Atl. 52. Where, however, there is no dispute between the parties and one makes to the other a statement of account containing an item to which the former is not justly entitled, accompanied by a payment of the amount appearing on the statement to be due, it must be found that the person accepting it assented to the receipt of the payment as being in full of the amount due before that acceptance becomes conclusive upon him; and the mere fact that the debtor states upon an accompanying check that the payment made is, or is to be accepted as, in full satisfaction of the account, while evidence of assent, is not conclusive. *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289, 300, 51 N. E. 986; *McKay* v. *Myers*, 168 Mass. 312, 315, 47 N. E. 98; 4 Page, Contracts, § 2504.

The trial court has found that the plaintiff, having a limited ability to read English, did not know of the interest charges when he accepted and deposited the check, and, so far as appears, there was no acquiescence in the payment as a full settlement of the account after he did discover the fact. Under such circumstances we cannot hold as matter of law that there was such assent to the claim of the defendant to the interest charges as to preclude the plaintiff from recovering them in this action.

There is no error.

In this opinion the other judges concurred.