AARON GORFAIN *vs.* ARTHUR GORFAIN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued May 3d—decided June 5th, 1934.

*Edward S. Pomeranz,* with whom was *George Miske,* for the appellant (plaintiff).

*Ralph O. Wells,* with whom was *William S. Locke,* for the appellees (defendants).

MALTBIE, C. J. The finding, with such slight changes as we have made in it, states the following situation: The defendant Arthur Gorfain, about eleven-thirty in the forenoon, drove a Ford truck through a gangway into the yard in the rear of a block containing stores upon the ground floor, with some tenements above, and stopped it. He was in something of a hurry. He applied the emergency brake, leaving the gear in neutral, jumped out of the car and went into the rear door of one of the stores and out of the front door, leaving the car unoccupied and unattended. The yard sloped rather sharply toward the rear of the stores, so that, at the point where the truck was left, it would have started to roll almost immediately if the emergency brake had been appreciably loose. About an hour later the plaintiff entered the gangway to go to his car, also parked in the yard, proceeding with his head down. When at the rear corner of the block he suddenly saw the truck about a foot away backing toward him. It struck him, pinning him to the wall

of the building, but he was able to extricate himself by pushing it away. The defendant did not testify how tightly he pulled up the emergency brake, but it is found that it was in very good condition and, if pulled up tightly, would have held the car in position. Neither the plaintiff nor the defendant saw anyone in the yard, but there was in its immediate neighborhood a number of tenements, garages and other buildings, and the yard was on the north partly, and on the south wholly, inclosed by a rickety fence, so that it is obvious that persons, and particularly children, could easily get into it.

Upon these facts the trial court refused to find the defendant guilty of negligence. There was no direct evidence upon which such a finding could have been made, but the plaintiff claimed that the doctrine *res ipsa loquitur* applied and required such a finding. As we pointed out in *O'Dea* v. *Amodeo,* 118 Conn. 58, 62, 170 Atl. 486, we do not regard that doctrine as giving rise to a presumption but only as affording a basis, where the necessary facts are present, for a justifiable inference of negligence; and in *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 Atl. 606, we said that even though the jury should find the necessary facts present, while they might draw an inference of negligence if they deemed it a reasonable conclusion, they were not compelled to do so; and of course the same is true of the court in a case tried to it.

In this case the trial court refused, in view of the facts proven, to draw an inference that the defendant was negligent, and we cannot find that conclusion to be unreasonable, particularly in view of the fact that the truck remained standing as long as it did after the defendant left it, that the plaintiff was able to push it away from him, and the opportunity that people, and particularly children, had of meddling with it in the de-

fendant's absence. It is true that we are asked to add to the finding a paragraph, supported by testimony which is not directly contradicted by any witness, that if the emergency brake was not pulled up tightly the rod which holds the car, by slipping into certain notches, might remain between them until a jar caused by the driver leaving the car would result in its slipping into a lower notch, thus partly releasing the brake. The mechanism was demonstrated to the trial court, and in view of that and particularly of the long time the car stood after the defendant left it and the fact that the plaintiff was able to push it away from him after it had struck him, the trial court evidently deemed it improbable that such a situation had occurred in this particular case, a conclusion which it might reasonably reach. There is no reason to consider the other conclusion of the trial court, that there was a failure to prove that the car was so in control of the defendant as to make the doctrine applicable at all.

There is no error.

In this opinion the other judges concurred.