[No. 34091. Department One. July 11, 1957.]

VIC HUGHES *et al.*, *Appellants*, v. LEE JOLLIFFE *et al.*, *Respondents.*[1]

*Vincent Abbey, Warren Chan*, and *Frank J. Conway*, for appellants.

*Kahin, Carmody & Horswill*, for respondents.

MALLERY, J.—On July 17, 1953, the defendants drove to the Ankenys' home for their golden wedding anniversary. Defendant Lee Jolliffe parked his car back of another car in the Ankenys' private driveway, which sloped slightly back to the street. He did not lock his car, turn his wheels against the curb, or set his emergency hand brake, but the amended complaint alleges, and the undisputed testimony shows, that he "put the automatic gear shift into PARK." This mechanical "gear lock" is as effective as a brake.

Sometime later, Mrs. Ankeny parked her car behind the defendants' car. Afterwards, she went for a drive in her car and was accompanied by the defendant Lee Jolliffe.

[1] Reported in 313 P. (2d) 678.

The plaintiffs were present with their two-and-one-half-year-old son. Over an hour after defendant Lee Jolliffe had parked and while he was away with Mrs. Ankeny, the plaintiff Mrs. Hughes and her father, Mr. Ankeny, were sitting on the steps leading to the driveway. The defendants' unattended car then coasted backwards down the slight incline and crushed the infant Hughes to death. After the accident, the gearshift lever was then found to be in "neutral gear." This action was brought by his parents for his wrongful death.

At the close of the plaintiffs' case, the court dismissed the action. Plaintiffs appeal.

The appellants concede a failure to produce evidence of negligence, but contend, upon appeal, that the court erred in dismissing the action because they are entitled to the benefit of the doctrine of *res ipsa loquitur,* which excuses them from proving negligence and puts the burden of explaining the cause of the injury in question upon the respondents.

■ As to the application of *res ipsa loquitur* in this case to the issue of what started the car in motion, we have held: (1) If a car starts in motion *immediately* after a defendant parks it, he is called upon to explain why it moved without his negligence. *Kolbe v. Public Market Delivery & Transfer,* 130 Wash. 302, 226 Pac. 1021; *Oberg v. Berg,* 90 Wash. 435, 156 Pac. 391. (2) But, if a car remains in position for a *substantial length of time* without moving, then *res ipsa loquitur* does not apply because of the probability of the existence of an intervening cause, or else the car would not have remained in place so long. *Joseph v. Schwartz,* 128 Wash. 634, 224 Pac. 5. This is the rule applicable to the facts in the instant case.

■ Upon general principles, the doctrine of *res ipsa loquitur* does not apply in the instant case. In *Morner v. Union Pac. R. Co.,* 31 Wn. (2d) 282, 196 P. (2d) 744, we said:

"The doctrine of *res ipsa loquitur* is based in part upon the theory that the defendant, having the sole and exclusive charge of the agency or instrumentality which caused

the injury, *knows the cause of the accident,* or injurious occurrence, or has the best opportunity of ascertaining it, and should, therefore, be required to produce the evidence in explanation thereof, while, on the other hand, the plaintiff has no such knowledge and is, therefore, compelled to allege negligence in general terms and to rely upon proof of the happening of such occurrence to establish negligence." (Italics ours.)

The respondents are no more able to lift the instant case out of the realm of speculation than are the appellants. The fact is that no one knows who or what shifted the car's gear into neutral and, thus, started it in motion, nor do all of the surrounding circumstances point to even a *probable* hypothesis upon the question.

The trial court, in ruling upon the motion to dismiss, said that if he submitted the case to the jury he would "leave it simply to the jury to guess as to what started the car."

The trial court was correct in dismissing the action for failure of proof of negligence.

The judgment is affirmed.

HILL, C. J., WEAVER, and OTT, JJ., concur.

FINLEY, J., concurs in the result.

---

September 12, 1957. Petition for rehearing denied.