17477

Philip L. SHEPHERD, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, M. H. Hall and Mrs. M. H. Hall, Appellants

(106 S. E. (2d) 381)

538

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, *for Appellants,*

*John Gregg McMaster, Esq.,* of Columbia, *for Respondent,*

December 8, 1958.

STUKES, Chief Justice.

Respondent recovered verdict and judgment for damages for personal injuries incurred when his automobile, which he was driving, was in collision with appellants' runaway automobile on the road or street in front of the personal appellants' home. The location is a residential suburb of Columbia and the "street" is a paved farm-to-market, unlighted road, which is known as Furman Avenue.

The appellant Hall is an employee of the corporate defendant which owned the offending automobile but permitted his and Mrs. Hall's personal use of it. She had taken her daughter to dancing school, stopped to shop en route home and parked the automobile at the head of the driveway, adjacent to the side of the residence, at about nine o'clock on the night of the accident. She testified that she knew that she set the emergency brake and shifted the gears to "park" because that was her fixed habit; she would not say that she had an independent recollection of having taken these precautions on this occasion. Her husband was already asleep in bed and as she was making preparations therefor at about ten o'clock she heard the collision and aroused her husband. A neighbor also went out from his home. Upon respondent's insistence, an officer was called. He testified, as

did other witnesses, that the driveway declined sharply into the street; and further that respondent and Hall agreed at the scene that they could come to terms, so the officer made no charges.

Upon examination of the runaway car, which was without lights, it was found by the witnesses that the automatic gear shift was in "neutral", and the brakes (which were in good condition) were not applied; the left front window was down, whereas Mrs. Hall testified that when she parked the vehicle she left the window up, as was her custom. It was established in testimony that there was a decline from the parking place to the street of from seven to ten feet although the immediate parking area was almost level.

The appeal is from the denial of the usual defensive motions and from the judgment entered upon the verdict. The first question submitted is that the evidence was insufficient to submit to the jury the issue of appellants' negligence because of the lack of evidence as to the cause of the runaway, in view of Mrs. Hall's testimony that she had properly adjusted the gears and the brakes when she parked the car at the top of the incline. However, the contrary condition of the car immediately after the collision, which was undisputed, is strong circumstantial evidence that she was mistaken in her testimony and that her negligent act was the proximate cause of the injuries. On the other hand, it would be plain conjecture to suppose some intervening cause, such as the act of a prankster, of which there was no evidence.

The doctrine of *res ipsa loquitur* is not recognized in the decisions of this court but the efficacy of circumstantial evidence to prove negligence is. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010, annotation. In the absence of exact precedent for this case in our decisions the declarations of the law elsewhere, to which we now advert, are persuasive.

The following quotation is from 2A Blashfield, Cyclopedia of Automobile Law and Practice, p. 77, sec. 1206:

"The unexpected presence upon a public highway of a 'runaway' automobile, without a driver or occupant, has been held to raise a *prima facie* presumption of negligence on the part of the owner, being of itself sufficient to take the question of negligence to the jury, and, assuming that no one has touched it after it was left by the operator, is sufficient to warrant the jury in concluding that he was negligent in not properly securing the machine in position. The fact that the car remained stationary for some time before starting into motion does not relieve the driver from this presumption of negligence." (We prefer the term "inference" (of negligence) which we think is more accurate in this context than is "presumption." Many decisions refer to "presumption *or* inference.")

In *Vaughan v. Meier,* Mo. 1922, 246 S. W. 279, an automobile was left on street of 8% grade which it rolled down from ten minutes to three-quarters of an hour afterward and after a heavy fire truck passed it. Held: jury issue whether negligence of operator was the proximate cause of injury to plaintiff, despite attempt of bystander to stop car which may have steered it into plaintiff; defendant should have foreseen such an intervention. *Oberg v. Berg,* 1916, 90 Wash. 435, 156 P. 391, involved conflicting evidence as to whether boy meddled with car after it was parked on grade by operator who testified that he applied brakes and turned the wheel to curb. Held: issue for jury whether there was negligence which was proximate cause of injury to plaintiff. 1 Shearman & Redfield, Negligence, 5th Ed., sec. 59, was quoted with approval, as follows: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident

arose from a want of care." (A later Washington case of contrary result is cited in appellants' brief, *Joseph v. Schwartz*, 128 Wash. 634, 224 P. 5, 6, in which the court was evidently influenced by the lapse of time, "at least five or six hours", between the parking and the runaway. More-over and more important, plaintiff's only effort to prove negligence was by the testimony of defendant who was called by plaintiff and made his witness.)

It is realized that the last quoted text is close to, if it does not embrace, the doctrine of *res ipsa*, which we do not accept; but it comports with our holding in *Brock v. Carolina Scenic Stages*, 219 S. C. 360, 65 S. E. (2d) 468, 470, that in some instances at least, as there and as here, the fact that the evidence does not clearly disclose the cause of an accident does not necessarily exculpate the defendant. Quotation from the opinion is pertinent here: "We think the circumstances heretofore set out, when considered together, are sufficient, in the absence of any explanation by the defendants, to warrant an inference that the collision was caused by the bus being driven to the left of the center of the highway. * * * While the difficulty of proof does not relieve plaintiff of the burden of proof, yet in a situation like this, the Court should take a very liberal view of the testimony."

. The following is from the opinion in *Barbanes v. Brown*, 1932, 110 N. J. L. 6, 163 A. 148, in which judgment for plaintiff was affirmed: "Of course, the unexplained presence upon a public highway of a 'runaway' automobile, without driver or occupant, running down grade along and across the street and colliding with and damaging another automobile lawfully there, raises a *prima facie* presumption of negligence upon the part of the owner of the runaway automobile. *Sheridan v. Arrow Sanitary Laundry Co.*, 105 N. J. L. 608, 146 A. 191." Judgment for plaintiff was also affirmed in *Latky v. Wolfe*, 1927, 85 Cal. App. 332, 259 P. 470, 477, in which it was said: "There is no reasonable ground for

doubt that the defendant's· act in parking his car on the incline of the grade and leaving it there parked and unattended, without taking extra precautions which those circumstances would seem to require, to prevent the car from leaving its position and going down the grade, constituted gross negligence. In such a situation; a car left stationed on the brow of an incline, unattended by anyone, might be expected to leave its position at any time and proceed down the incline. from the concussion necessarily and constantly produced by the heavy auto traffic or the movements with the usual speed of the bulky trucks and other vehicles along the street with which the alley·in connected, unless the brakes were perfectly intact and thoroughly set. Knowledge of these facts is imputable to those who are accustomed to driving and otherwise handling automobiles." There was also affirmance of judgment for plaintiff in, *Hughes v. Rentschler Floral Co.,* 1927, 193 Wis. 49, 213 N. W. 625, 626, from which is the following: "Unquestionably, if the testimony of the driver is to be taken as absolutely true to the effect that he put his brake on tightly and cramped the wheel in against the curb, such action on· his part would be ordinary care. We do not think the jury were bound to accept his statement, in view of all the facts, as being true. The jury might find that he was mistaken, or that his memory was at fault." The special relevance of the latter to the case in hand is patent.

Appellants cite cases from other jurisdictions in which, however, the issue of liability was held to have been for the factfinders, just as we hold here. *Fuller v. Magatti,* 231 Mich. 213, 203 N. W. 868; *Gorfain v. Gorfain,* 118 Conn. 484, 172 A. 924. In other cases cited the defendants adduced evidence that boys were seen tampering with the vehicles between the parking and the runaway of them. *Keber v. Central Brewing Co., Sup.,* 150 N. Y. S. 986; *Touris v. Brewster & Co.,* 235 N. Y. 226, 139 N. E. 249; *Buzzello v. Sramek,* 110 Neb. 262, 193 N. W. 743. Finally as to appellants' citations, the still later Washington case of *Hughes*

*v. Jolliffe,* 50 Wash. (2d) 554, 313 P. (2d) 678, held merely that *res ipsa loquitur* did not apply to the facts presented, with which we of course agree.

Many other decisions upon the subject are reviewed in the annotation in 16 A. L. R. (2d) 979. From the footnote on page 984 we quote: "The majority of the cases rest this conclusion (of liability) upon the doctrine of *res ipsa loquitur.* However, similar results are sometimes reached in jurisdictions not recognizing that theory, and in a number of cases it has not been explicitly mentioned."

The trial court did not err in submitting the issue of negligence to the jury in the instant case.

The court rejected the proffered testimony of a near but not next door neighbor of the Halls who was asked whether he had had, quoting from the record, "any experience of your automobile being tampered with while in your driveway or on your premises?" Answer to the question was properly excluded. It did not relate to the premises of the Halls or to the night in question and was, therefore, irrelevant. *Green v. Sparks,* 232 S. C. 414, 432, 102 S. E. (2d) 435.

Appellants' last question imputes prejudicial error in the following instruction to the jury:

"I charge you that, under the statutory law of this State, it is the duty of any person having an automobile to have it equipped with good and sufficient brakes, and when that automobile is parked in a place where it may be of danger to another person, that those brakes should be sufficient to hold it when applied, and that the brakes should be applied when so parked, and the failure to do so would be negligence as a matter of law."

The contention is that the offending automobile was not parked on a road or street, to which the statute is said to be only applicable. That question need not be decided because the content of the instruction is "good law" regardless of where an automobile may be parked, on public highway or

private property. Irrespective of the statute, the duty, as stated in the instruction, exists and the violation of it is negligence as a matter of law. Indeed, appellants have not argued to the contrary.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.