**Lee Ellen HILL, Plaintiff in Error,**

v.

**Tressa P. THOMPSON, Defendant in Error.**

**No. 42575.**

Supreme Court of Oklahoma.

April 6, 1971.

Rehearing Denied May 4, 1971.

Jack B. Sellers, Sapulpa, for plaintiff in error.

Alfred B. Knight, Richard D. Wagner, Tulsa, for defendant in error.

HODGES, Justice.

This is an appeal from an action in damages for personal injury from the District Court of Creek County by the plaintiff in error, plaintiff below, from an order sustaining a demurrer by the trial court at the conclusion of plaintiff's evidence. Reversed.

Plaintiff filed her petition alleging defendant was negligent in parking her automobile on her driveway on a slope without blocking the wheels, putting the transmission lever in park, or setting the foot brake. The car rolled into the plaintiff pinning her between the front of the car and the defendant's garage causing her serious and permanent injuries.

The facts developed by the testimony are that plaintiff, the daughter-in-law of defendant, came to visit defendant at defendant's home bringing her daughter with her. The defendant's car was parked on the driveway about 12 to 15 feet from the garage, and as plaintiff was attempting to locate defendant, who was not at home, her daughter yelled to her that the car was moving. Plaintiff who was standing in front and to the right of the moving car attempted to go in front of the car in order to reach the controls to stop the movement of the car, but the car gained speed and she was pinned between the car and the garage of the defendant's house. Although the degree of slope of the driveway was not shown there was evidence the car would roll if certain precautionary measures were not taken. The car had been parked on the driveway about 10:00 in the morning. The accident occurred about 2:00 in the afternoon, a lapse of four hours.

Defendant testified that she parked the car on the drive and was the last one to use it before the accident. At the time of the accident she was absent from the house. She left the house at 10:00 A.M. to visit her niece in the hospital. She had driven a different car and left her other car parked in the driveway.

Defendant also testified that she kept a brick on the drive and would usually stop her car with the front wheel against the brick to keep the car from rolling forward into the garage. She testified that if she had placed the brick on the drive or if it had been in the proper position the car would not have rolled. She also testified that if she had put the gear lever of the car in park it would not have rolled or if she had put on the foot brake it would not have rolled.

The question presented on appeal is whether there was any evidence of negligence on the part of the defendant in order to submit the case to a jury. Plaintiff maintains that the proof the car would not have rolled if defendant had done any of three separate acts and the car did in fact roll is sufficient evidence to present the question to the jury. Plaintiff also maintains inasmuch as defendant was the last person to use the car and had in effect control over the car that the doctrine of res ipsa loquitur applied. Defendant counters by asserting the proof offered by plaintiff is merely an inference on an inference which is insufficient to establish negligence in this jurisdiction. Further, if the doctrine of res ipsa loquitur did apply the passage of time of four hours was sufficient to negate this presumption.

Argument is made that this evidence could not be direct or circumstantial as to the negligence of defendant in that all plaintiff proved was negatives with inferences and the actual cause of the movement of the car would be left to speculation, or guess work. No proof was offered to show any other cause of movement of the car, such as wind, heavy traffic, persons releasing the brake or tampering with the car. The unknown is reduced to actually only one factor, the cause of movement of the car. We know the car did in fact move; that plaintiff was injured by the

car; and the defendant was the last to use the car, whatever time might have elapsed between her leaving the car and the accident to plaintiff. We know from the defendant the car would not have moved if a brick had been placed underneath the wheel or if the brake was set or if the transmission was placed in park position.

This question is one of first impression in this jurisdiction. Many jurisdictions have considered the question of movement of an unattended automobile which causes damages or injury both under the theory of negligence and the evidentiary presumption of negligence under the doctrine of res ipsa loquitur, dependent upon the circumstances of the case. In those instances where the movement of the automobile or vehicle is unexplained the doctrine of res ipsa loquitur has usually been applied.

In the case of Kroger Company v. Perpall, 105 Ga.App. 682, 125 S.E.2d 511 (1962), the Georgia court indicated that the rule is applied even if the operator of the vehicle offers evidence to prove the vehicle would not have moved without application of an outside force, quoting from the case:

"While courts throughout the country show some conflict as to whether a jury question remains in the case after positive testimony by the driver of facts showing the parked vehicle would not have moved without application of an outside force, the majority of the cases consider that it does. See Annotation 16 A.L.R. 2d 979, et seq. where it is stated, p. 982: 'The situation where a parked automobile runs way and works injury is a natural one for the application of the doctrine of res ipsa loquitur, and the courts appear to be agreed that, in the absence of explanatory circumstances, such an occurrence justifies a presumption or inference of negligence, making a prima facie case for the plaintiff, and casting upon the defendant the burden of coming forward with the evidence to overcome or at least to balance the inference. * * * The greater number of cases unite in holding that mere testimony of the defendant that, in parking

his vehicle, he took all possible or reasonable precautions, does not necessarily overcome the effect of the inference.'"

The fact situation in the instant case is stronger than the circumstances above described, as there was no direct testimony that defendant took any precautionary measures to prevent the car from moving but only that if certain precautions had been taken the car would not have moved.

We have recognized the doctrine of res ipsa loquitur for many years. See, Guilford v. Foster and Davis, 131 Okl. 148, 268 P. 299 (1927); St. John's Hospital and School of Nursing, Inc. v. Chapman, Okl., 434 P.2d 160 (1967). In the case of Smith v. Vanier, Okl., 307 P.2d 539 (1957), we said that before the doctrine of res ipsa loquitur may be invoked the plaintiff must prove what caused the damage or injury; that the thing causing the damage or injury was under the control of the defendant; and the accident is one that in the ordinary course of events does not happen if the one who has control uses ordinary care.

In the instant case, injury resulted to plaintiff as a result of the automobile pinning her against the garage wall. The defendant testified she was the last to have control over the car. No other evidence was introduced to show control of the car other than defendant's even though she was not physically present. The car would not have moved unless certain restraining acts were not performed.

Defendant also maintains that if the doctrine of res ipsa loquitur should apply in the first instance, that is, to a moving unattended vehicle, that a time lapse of four hours would negate the presumption or inference of negligence. Defendant cites the case of Hughes v. Jolliffe, 50 Wash.2d 554, 313 P.2d 678 (1957), as controlling to the issues. In the Hughes case the time lapse between the parking of the automobile and the injury was something over an hour. The Washington court indicated that the doctrine of res ipsa loquitur applies to cases of parked cars mov-

**516**

ing when unattended but went further to say that the doctrine would not apply if the car remains in position a substantial length of time without moving because of the probability of an intervening cause, or else the car would not have remained in place so long. Other courts have held to a different view however. In the case of Gresser v. Taylor, 276 Minn. 440, 150 N.W. 2d 869 (1967), involving a time lapse of three hours with the defendant testifying he set the brake and the car left in reverse gear, the Minnesota court said:

"Although intervening time is no doubt a factor to be considered by the jury, Gorfain v. Gorfain, 118 Conn. 484, 172 A. 924, we believe the time lapse under the circumstances of this case was not a sufficient ground for directing a verdict for defendants. See, Price v. McDonald, 7 Cal.App.2d 77, 45 P.2d 425 (6 hours); Landrum v. United States Fidelity and Guaranty Co. (La.App.) 151 So.2d 701 (20–30 minutes); Litos v. Sullivan, 322 Mass. 193, 76 N.E.2d 557 (5 hours); Bacon v. Snashall, 238 Mich. 457, 213 N.W. 705 (1 hour); Vaughn v. Meier (Mo.) 246 S.W. 279 (10 to 45 minutes); Shepherd v. United States Fidelity and Guaranty Co., 233 S.C. 536, 106 S.E.2d 381 (1 hour)."

We believe the rule expressed in the Minnesota case is more persuasive. The doctrine is an evidentiary presumption or inference, which may be overcome by proof on the part of defendant. Even though some time may elapse, it is an established fact that a vehicle may move without human assistance. The actual cause of the movement may be unknown, but absent proof or evidence of an intervening cause or the impossibility by reason of the slope or terrain, the fact remains the car would not have moved had it been properly parked with the necessary precautions taken. Some explanation should be forthcoming if the car moved after it was parked. These matters properly belong in the realm of the trier of the facts.

In the instant case the defendant testified that the car would not have moved if any one of three acts had been performed. What caused the car to move after several hours at rest is not divulged by the evidence. The evidence does show, however, that the car moved injuring plaintiff and defendant was the last one who had control over it. Certainly, the four hour lapse is a factor that may be considered by the jury regarding whether the presumption has in their minds been overcome.

There is sufficient evidence in the record to justify invoking the evidentiary rule of inference or presumption of negligence under the doctrine of res ipsa loquitur.

Reversed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, IRWIN, LAVENDER and McINERNEY, JJ., concur.

DAVISON, V. C. J., and JACKSON, J., dissent.