68 So.2d 589 (1953)
MIAMI COCA-COLA BOTTLING CO.
v.
REISINGER.
Supreme Court of Florida. Special Division A.
December 11, 1953.
Dixon, DeJarnette & Bradford, Miami, for appellant.
David Lemelman, Miami, for appellee.
PARKS, Associate Justice.
This controversy arose out of the exploding of a bottle of coca cola resulting in injury to the plaintiff for which damages were sought in the lower Court against the defendants, Margaret Ann Stores, Inc. and Miami Coca-Cola Bottling Company. In the trial at the conclusion of plaintiff's testimony, upon motion of Margaret Ann Stores, a verdict was directed in its favor upon the ground that the evidence failed to prove the negligence charged in the complaint. There is no appeal from this ruling. The Coca-Cola Company, likewise, at the conclusion of plaintiff's evidence and again at the conclusion of all the evidence moved for directed verdict on the ground that there was no direct evidence sufficient to establish the negligence charged, nor was the evidence sufficient to furnish a predicate for liability against it under the res ipsa loquitur doctrine. These motions were denied and the cause submitted to the jury resulting in a verdict for the plaintiff. Motion for new trial assigning as error the denial of the motions for directed verdicts was overruled and judgment for plaintiff was entered. We review these rulings of the Court and this judgment.
Plaintiff offered no direct evidence of negligence in the proof of her case relying solely on the theory of res ipsa loquitur to establish liability against the Coca-Cola Company. It contended that plaintiff's evidence failed to show that the bottle was not improperly handled or was not accessible to extraneous harmful influences after delivery by it to Margaret Ann Super Market where the injury occurred and, therefore, res ipsa loquitur never came into play.
Concerning such defense this Court speaking through Mr. Justice Sebring in Hughs v. Miami Coca-Cola Bottling Company, 155 Fla. 299, 19 So.2d 862, 864, had this to say:
"There is no direct proof in the record of negligence on the part of the Miami Coca Cola Bottling Company. The plaintiff concedes such fact, but submits that this is a case the facts of which call for the application of the rule res ipsa loquitur, under which direct proof by plaintiff of active negligence is not necessary to require of the defendant explanation or rebuttal.
"Some of the courts of the land have applied the rule res ipsa loquitur to cases in which exploding beverage bottles have been involved, and have held the bottler liable in damages even though the agency causing the injury *590 was not in his possession or control at the time of the accident. * * * But so far as we have been able to find from a study of the decisions, no court has ever held that recovery may be had in such cases, under the res ipsa loquitur doctrine, without an affirmative showing on the part of the plaintiff that after the bottle left the possession of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature, or that it was not handled improperly up to the time of the explosion."
And specifically concerning the modicum of proof required of plaintiff to show affirmatively that the bottle was not negligently handled after it left the custody or control of the Coca-Cola Company so as to warrant the application of res ipsa loquitur, it was said in Groves v. Florida Coca-Cola Bottling Co., Fla., 40 So.2d 128, 130:
"While it is true that the law requires an affirmative showing to be made by the injured party that due care was used in the handling of a bottled beverage after it has left the possession and control of the manufacturer before the rule of res ipsa loquitur will be applicable, the law does not require that the injured person eliminate each and every remote possibility of injury to the bottle up to the time of the explosion. It is enough if the evidence is such as to permit a reasonable inference in light of all the circumstances that the bottle was not accessible to extraneous harmful influences after it left the possession of the bottler and that it was handled in a reasonably careful manner by the injured person and others who may have had reason to move or touch it."
The only evidence in the record concerning the handling of the coca cola bottle after delivery to Margaret Ann is that of plaintiff and her witnesses and the decision must turn upon its sufficiency as a basis for the application of res ipsa loquitur.
Briefly summarizing, Margaret Ann, a self-service store, purchased coca cola from the defendant in wooden cases of twenty-four bottles each. Not more than fifteen cases replenishing the stock were delivered by the Coca Cola Company on Tuesday and Friday mornings of each week. Whether the case containing the exploding bottle was delivered on Tuesday or Friday preceding the accident or on some prior date is not known. The accident occurred about 8 P.M. on Friday night on which day about five or six hundred customers shopped in the store. Plaintiff, a customer, was standing in the cashier's stall near the front or west end of the store and, having paid for her purchases, started to leave the store when the bottle exploded a few feet away causing a flying piece of glass to strike her inflicting a severe flesh wound over the left clavicle. The testimony of plaintiff's witness is that a customer had picked up the case of coca cola from a stack from which two cases had already been removed and was in the process of placing it in a buggy provided to collect groceries the instant before the bottle exploded breaking off the neck about an inch below the cap. Turning away he did not see the explosion and was uncertain that the case had been actually set down in the buggy. The identity of this customer was never established. He left immediately leaving behind the case of coca cola in the buggy. The cases, according to the store manager, as they were delivered were stacked by the delivery men in the store five cases high to a height of about five feet against or near the wall of the store in a space about ten or fifteen feet long between the entrance and exit doors. A large plate glass window extended from that height toward the ceiling of the store. There is some evidence that the sun could shine through the window on the bottles in the late afternoon but little contention is made that the heat of the sun's rays contributed to the explosion. Portions of this space were allocated to Coca Cola, Ginger Ale, RC Cola, Nehi and Seven-Up. All cases of the various beverages were stacked alongside and near enough to each other that when improperly handled by the delivery men of other beverages or by store employees they might reasonably strike against *591 or jostle those of other beverages. All stacks were also accessible and open to improper handling by self-service customers or being struck by their buggies.
The store manager admitted that the coca cola bottle or its case could have been struck by the delivery boys in their delivery of any one of these beverages; that all customers were authorized and, those who chose to so do, did take cases from the stacks as they had occasion to serve themselves; that they were handled by any employee of the store as the occasion arose. He did not know how many customers or how many store employers had handled cases from the stacks, nor was it known who removed either of the two cases of the stack on top of and above the case in question. No effort was made to show by the testimony of the delivery men or employees of the store that they had not improperly handled or molested the cases, nor was any showing made that customers had not improperly handled them.
The proof without dispute establishes that the cases of bottles were thus exposed to improper handling after leaving the custody of the Coca Cola Company by numerous employees of the Super Market; that they were exposed to injury by the delivery and stacking of like cases of other beverages in or near actual contact with the coca cola stacks; that they were exposed to injury by the customers in their shopping. It seems clear that injury to the bottle sufficient to cause the explosion could have reasonably originated from improper handling or carelessness from any of these sources. At the trial the Coca Cola Company by testimony and demonstration of its operation, bottling and handling of its product showed without dispute that they employed the latest and most effective methods, machinery and equipment in the operation of its business. The record instead of showing that the bottle was not reasonably accessible to extraneous harmful influences and that it was handled by those who had reason to move or touch it in a reasonably careful manner leaves many hiatuses between the delivery by the Coca Cola Company to the Margaret Ann Super Market and the occasion of the explosion. The measure of proof required of the plaintiff by the Groves case, supra, is not in the record. The motion for directed verdict at the close of the evidence should have been granted and judgment entered for defendant.
The cause is reversed with directions to the lower Court to set aside the judgment for plaintiff and enter one for defendant.
TERRELL, Acting Chief Justice, and SEBRING and MATHEWS, JJ., concur.