APPALACHIAN INSURANCE COMPANY, Appellant,

v.

G. B. KNUTSON et al., Appellees.

No. 18155.

United States Court of Appeals
Eighth Circuit.

April 1, 1966.

# 680

Lon Hocker, of Hocker, Goodwin & MacGreevy, St. Louis, Mo., for appellant.

Michael J. Bogutski, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for appellees Knutson, Hoelzel and Hilmes and on brief with Roy P. Swanson and Milton C. Clarke, of Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Mo.

Roy P. Swanson, Kansas City, Mo., for appellees William B. Balliet and Dorothy Balliet.

Before VOGEL, Chief Judge, BLACK-MUN, Circuit Judge, and STEPHENSON, District Judge.

## PER CURIAM.

This is an appeal from a summary judgment entered in favor of the defendants-appellees based upon the parties' stipulation of facts. Plaintiff-appellant, a fire insurance carrier for Baumritter Furniture Company, brought this action as Baumritter's subrogee to recover for a loss of furniture during a fire while the furniture was being stored by the insured in a warehouse located in a complex of buildings in Kansas City, Kansas. The furniture was stored in a building designated as the "J" Building which was operated by the appellees Balliet as

a public warehouse. Adjoining the "J" Building and having a common wall with it was the "C" Building. The "C" Building was operated by all of the appellees as a joint venture, it being stipulated that this building was under the joint and exclusive control of the appellees. The parties agreed that:

"In the early morning hours of February 25, 1964, a fire, *the cause of which is unknown*, originated somewhere in Building 'C' and burned for eight or nine hours in Building 'C' before spreading to Building 'J'." (Emphasis supplied.)

It was further stipulated that the law of the State of Kansas is applicable and should govern the rights of the parties.

Appellant raises but one issue on this appeal. It contends that:

"The Court erred in holding that under Kansas law the doctrine of res ipsa loquitur is inapplicable to the facts at bar and in consequently rendering summary judgment for defendants."

In a lucid and very comprehensive opinion, published at 242 F.Supp. 226, District Judge Oliver demonstrates beyond cavil that under the law of Kansas the doctrine of res ipsa loquitur is not applicable to the stipulated facts herein. We can see no reason for reiterating or restating what is so well expressed in Judge Oliver's opinion. He analyzed and gave consideration to the applicable opinions of the Supreme Court of Kansas. His conclusions drawn therefrom are proper and eminently correct.

 Appellant attempts to support its position by drawing some fine distinctions between adverse and favorable Kansas authorities cited by Judge Oliver. These distinctions are, at best, quite tenuous. Even if we recognize them as such, they will not, as applied to the facts herein, allow the inference that appellees were negligent so as to be the likely cause of appellant's damages. As stated by the appellant itself, in quoting

from Worden v. Union Gas System, Inc., 1958, 182 Kan. 686, 324 P.2d 501, 502:

" \* \* \* It has been stated repeatedly that the force and justice of the [res ipsa loquitur] doctrine stem from the consideration that the defendant in control of the instrumentality has it within his power to produce evidence of the cause of the injury, while the plaintiff is without such knowledge and must therefore rely on proof of the circumstances."

Here there is no evidence that Building "C", admittedly controlled by the appellees, was the instrumentality causing the fire, even though the fire may have originated from some instrumentality within that building. It being an early morning fire, the chances are that appellees had no greater ability than appellant to produce evidence to show what caused appellant's injury.

On the basis of Judge Oliver's opinion, this case is affirmed.