Frank BALLOW, Plaintiff and Appellant,

v.

Dix MONROE dba Monroe Brothers, Defendant and Respondent.

No. 18861.

Supreme Court of Utah.

March 29, 1985.

Dale M. Dorius, Brigham City, for plaintiff and appellant.

Brad Holm, Stephen G. Morgan, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Plaintiff, Frank Ballow, brought a negligence action against defendant, Dix Monroe, to recover damages for the loss of approximately one hundred acres of wheat and several rods of fencing owned by plaintiff which were destroyed by a fire apparently caused by defendant when swathing his adjoining field. The fire spread from defendant's to plaintiff's field when defendant was unable to extinguish or control the fire.

At trial, plaintiff submitted three *res ipsa loquitur* instructions, which the trial judge refused to give. A jury returned a verdict for defendant. The central issue on this appeal is whether the trial court erred in refusing to give plaintiff's requested jury instructions on *res ipsa loquitur.*

## I.

The doctrine of *res ipsa loquitur* has its origins in the case of *Byrne v. Boadle*, 2 H. & C. 722, 159 Eng.Rep. 299 (1863), in which a barrel of flour fell from a warehouse window onto a pedestrian passing below. There was no direct proof of what caused the barrel to fall. The court, despite the absence of direct proof of negligence by the defendant, allowed the conclusion of negligence to be drawn from the inference that such an accident would not have occurred except for negligence by the defendant or his agent. The conclusion of negligence was founded on the probability that such an unusual accident would not have occurred except for negligence. Later this rule of evidence was combined with a rule as to the burden of proof and became known as the doctrine of *res ipsa loquitur. Prosser & Keeton On Torts* section 39 at 243 (5th ed. 1984). Justice Ellett in a dissenting opinion in *Talbot v. Dr. W.H. Groves' Latter-Day Saints Hospital*, 21 Utah 2d 73, 78, 440 P.2d 872, 875–76 (1968), succinctly described the doctrine as follows:

> When we strip away the Latin verbiage, *res ipsa loquitur* means that in the ordinary experience of mankind and as a matter of common knowledge, certain accidents and mishaps are so unusual and rare that when they do occur, there arises an inference from the happening thereof that somebody was negligent. The Latin expression is merely another way of saying that circumstantial evidence permits an inference of causal negligence.

Three conditions for application of the doctrine have evolved. The plaintiff must prove that: (1) the event causing the damage is of a type that ordinarily would not happen except for someone's negligence; (2) the damage must have been caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the plaintiff's own use of the agency or instrumentality was not primarily responsible for the injury. *Kusy v. K-Mart Apparel Fashion Corp.*, Utah, 681 P.2d 1232, 1235 (1984); *Anderton v. Montgomery*, Utah, 607 P.2d 828, 833 (1980).

These three elements must be applied with the recognition that they are not rules that must be rigidly applied in all cases, but guidelines for the type of circumstantial evidence that can be used to make out a prima facie case of negligence. Thus, the second factor, exclusive management or control, is not necessarily a *sine qua non* of the doctrine but may establish that it is more likely than not that the defendant was the party responsible for the injury. Something less than exclusive control of the instrumentality causing the damage may be sufficient if the evidence demonstrates the probability that the defendant was responsible for the damage caused. *See Miami Coca-Cola Bottling Co. v. Reisinger*, Fla., 68 So.2d 589, 590 (1953).

Some courts have also stated that a defendant must have greater knowledge of, or access to, the facts with respect to the occurrence giving rise to the injury than the plaintiff. *See Buckelew v. Grossbard*, 87 N.J. 512, 435 A.2d 1150 (1981); *Hughes v. Jolliffe*, 50 Wash.2d 554, 313 P.2d 678 (1957). However, if the circumstances give rise to an inference of negligence, the defendant's lack of knowledge does not destroy the inference. *Prosser & Keeton On Torts* § 39 at 254 (5th ed. 1984). *See, e.g., Nelson v. Zamboni*, 164 Minn. 314, 204 N.W. 943 (1925); *Heill v. Golco Oil Co.*, 137 Ohio St. 180, 28 N.E.2d 561 (1940).

On this appeal, the applicability of the *res ipsa* doctrine centers on the first element, i.e., "that the event must be such that in the light of ordinary experience it gives rise to an inference that someone must have been negligent." *Prosser & Keeton On Torts* § 39 at 224 (5th ed. 1984). *See also 2 Harper and James, The Law of Torts* § 19.5 at 1076–77 (1956). Before a plaintiff is entitled to a jury instruction on *res ipsa loquitur*, the plaintiff must have presented evidence that the occurrence of the incident is "more probably than not caused by negligence." *Quintal v. Laurel Grove Hospital*, 62 Cal.2d 154, 41 Cal.Rptr. 577, 587, 397 P.2d 161, 171 (1965) (Traynor, C.J., concurring and dissenting). The plaintiff need not eliminate all possible inferences of non-negligence, but the balance of probabilities must weigh in favor of negligence, or *res ipsa loquitur* does not apply.

> The doctrine of res ipsa loquitur has no application unless it can be shown from past experience that the occurrence causing the disability is more likely the result of negligence than some other cause.... In ... *Tomei v. Henning*, 67 Cal.2d 319 [62 Cal.Rptr. 9, 431 P.2d 633 (1967)], the Supreme Court of [California] had this to say:
>
>> Since the res ipsa loquitur instruction permits the jury to infer negligence from the happening of the accident alone, there must be a basis either in common knowledge or expert testimo-

ny that when such an accident occurs, it is more probably than not the result of negligence.

*Talbot v. Dr. W.H. Groves' Latter-Day Saints Hospital*, 21 Utah 2d 73, 440 P.2d 872, 873–74 (1968). *See also Prosser & Keeton, supra,* at 248; *Harper & James, supra,* at 1078–79.

The probability that an accident was caused by negligence may depend upon the state of the art or technology associated with the instrumentality causing an injury. For example, the current safety record for aircraft has been held to justify the application of the *res ipsa loquitur* doctrine to unexplained plane crashes. In earlier aviation cases, the courts did not apply the doctrine to unexplained crashes because the then current state of the art did not justify an inference of negligence. *Prosser & Keeton, supra,* at 246.

Of course whether an inference of negligence is supported by the probabilities that a defendant acted in dereliction of a duty of due care, may depend to some extent upon the degree of care the defendant is required to exercise. If the law imposes a duty of great care, or a duty to inspect for dangerous conditions, the giving of a *res ipsa* instruction may be justified on a less compelling degree of probability than if the degree of care required were only reasonable care.

Thus, the plaintiff must establish a prima facie foundation for *res ipsa* by showing that the probabilities were such that "the accident was of a kind which, in the ordinary course of events, would not have happened had due care been observed...." *Kusy v. K-Mart Apparel Fashion Corp.*, Utah, 681 P.2d 1232, 1235 (1984) (*quoting Anderton v. Montgomery*, Utah, 607 P.2d 828, 833 (1980)). The probability that an occurrence was produced by negligence may be established by reference to the common experiences of the community. When, however, the probabilities of a situation are outside the realm of common knowledge, expert evidence may be used to establish the necessary foundational probabilities. *Buckelew v. Grossbard*, 87 N.J. 512, 435 A.2d 1150 (1981); *Harper &*

*James, supra,* at 1083; Fricke, *The Use of Expert Evidence in Res Ipsa Loquitur Cases,* 5 Vill.L.Rev. 59 (1959).

■ The plaintiff in this case failed to establish a foundation warranting *res ipsa loquitur* instructions. The evidence cast no light on whether the fire which burned plaintiff's property was probably caused by the defendant's negligence. Plaintiff's testimony was that fires are virtually unavoidable when swathing and that fires "just happen," even when exercising reasonable care. On this testimony, the jury could, of course, have found that defendant had a duty to take reasonable precautions to prevent the spread of a fire, but that raises no issue concerning *res ipsa loquitur.*

Indeed, the plaintiff argued that the defendant was negligent in not taking adequate precautions to prevent the spread of fire started by a swathing machine. Plaintiff testified that on one occasion when he had started a fire while using his swathing machine in his field, he had a water truck nearby. However, there was no evidence that such a precaution was customarily taken by farmers in the area, and the jury clearly rejected the proposition that the defendant was negligent in not having done likewise. In any event, the defendant's conduct was known, and the relationship of that conduct to the damage caused was known. *Res ipsa loquitur* was irrelevant to the issue of negligence on that theory.

## II.

■ Furthermore, the *res ipsa* instructions proffered by plaintiff were incorrect statements of law. The first two instructions correctly set out the necessary elements of the doctrine. However, they incorrectly directed the jury to find for the plaintiff if the requisite elements of *res ipsa* were proved. It is well established in this jurisdiction that *res ipsa loquitur* establishes only an inference of negligence which the trier of fact may accept or reject. *Kusy v. K-Mart Apparel Fashion Corp.,* Utah, 681 P.2d 1232, 1235 (1984); *Anderton v. Montgomery,* Utah, 607 P.2d 828, 833 (1980). *Res ipsa* does not establish a presumption, either rebutable or irrebutable.

■ The plaintiff's third proposed instruction required the jury to find for the plaintiff unless the defendant proved a cause of the accident not attributable to negligence by the defendant. The instruction was wrong because *res ipsa* does not shift the burden of producing evidence. *See Kusy v. K-Mart Apparel Fashion Corp., supra; Anderton v. Montgomery, supra.* Although a defendant may adduce evidence that causes other than those for which the defendant is responsible might have caused the damage, the defendant has no legal obligation to adduce evidence of nonculpability, even in a *res ipsa* case.

Affirmed. Costs to respondent.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.