## The PEOPLE of the State of Colorado, Complainant,

v.

## Jack L. RICHTSMEIER, Attorney–Respondent.

### No. 90SA352.

Supreme Court of Colorado, En Banc.

Dec. 10, 1990.

---

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, Colo., for complainant.

Michael L. Bender, Bender & Treece, P.C., Denver, Colo., for attorney-respondent.

PER CURIAM.

■ In this attorney discipline proceeding, we accept the stipulation, agreement, and conditional admission of misconduct entered into by the disciplinary counsel and the respondent, Jack L. Richtsmeier. Consistent with the stipulation which was approved by an inquiry panel of the Supreme Court Grievance Committee, we order that Richtsmeier be suspended from the practice of law for a period of one year and one day.

## I.

Richtsmeier was admitted to the Bar of this state in 1974 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. There are two counts in the stipulation now before us.

In the first matter, the respondent agreed to represent Leonard and Becky Lloyd who were the defendants in a law suit brought by a law firm to collect its attorneys' fees for representing the Lloyds in another matter. Richtsmeier failed to file a responsive pleading for the Lloyds despite receiving reminders from the Lloyds and assuring the Lloyds that he would take action. The respondent's neglect of the Lloyds' case eventually resulted in the entry of a default judgment in the amount of $12,301.10 plus costs and interest. The Lloyds attempted *pro se* to set aside the default judgment but were unsuccessful.

Richtsmeier's misconduct is grounds for discipline under C.R.C.P. 241.6 generally and amounts to gross negligence under C.R.C.P. 241.6(4). Richtsmeier violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (failure to seek client's lawful objectives), DR 7–101(A)(2) (failure to carry out contract for professional services), and DR 7–101(A)(3) (prejudicing or damaging client during course of professional relationship).

Under the second count of the stipulation, Richtsmeier admits that he is addicted to and abuses cocaine. According to an independent medical expert who examined Richtsmeier in November and December 1988 at the request of the disciplinary counsel, Richtsmeier "suffers from a depressive disorder, a personality disorder, a cocaine abuse disorder and an alcohol abuse disorder, which is in remission." The expert concluded that the "respondent's cocaine usage remains to be a significant problem which has both direct and indirect effects and negative impact on respondent's ability to practice law." We placed Richtsmeier on disability inactive status on January 11, 1989 and we agree that his cocaine usage is grounds for discipline under C.R.C.P. 241.6(5) (violation of a criminal law).

## II.

■ Several mitigating factors are present in this case. Richtsmeier has no prior disciplinary history and has cooperated fully with the Grievance Committee. Standard 9.32(a) and (e), *ABA Standards for Imposing Lawyer Sanctions* (1986). Richtsmeier voluntarily disclosed to the Grievance Committee investigator that he

is addicted to cocaine and is an alcoholic. The respondent participated in a 28–day residential treatment for his alcoholism in 1985 and has remained sober since that time. The respondent also has been treated for cocaine addiction and, since June 1, 1989, has been subjected to randomly scheduled urine samples. For a period of seventeen months, through October 1990, all of Richtsmeier's urinalyses were negative for both cocaine and alcohol. He attends weekly psychotherapy sessions, is treated with anti-depressant medications, and is active in Alcoholics Anonymous. Richtsmeier's personal or emotional problems and his substantial efforts at interim rehabilitation are mitigating factors under Standards 9.32(c) and (j).

We also find mitigation present under Standard 9.32(d). Richtsmeier has made a good faith, voluntary effort to rectify the consequences of his misconduct by entering into a payment agreement with the law firm which obtained the judgment against the Lloyds. The law firm did not attempt to collect the judgment from the Lloyds and the Lloyds later discharged the debt in bankruptcy. Thus, the restitution undertaken by Richtsmeier was not compelled and may be considered as a mitigating factor. *Cf. People v. Broadhurst*, No. 90SA309, — P.2d — (Colo. Nov. 13, 1990) (payment made by lawyer pursuant to confession of judgment not entirely voluntary and not mitigating factor); *People v. Wolfe*, 748 P.2d 789, 792 (Colo.1988) (lawyer's forced repayment of client's fund not mitigating factor).

Accordingly, we suspend the Respondent Jack L. Richtsmeier from the practice of law for a period of one year and one day. Because the respondent is on disability inactive status, the order of suspension is effective immediately. *See* C.R.C.P. 241.-21(a). The respondent must make full restitution in the Lloyd matter prior to applying for reinstatement. The respondent is further ordered to pay costs in the amount of $203.82 within thirty days of the date of this order to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500–S, 600 Seventeenth Street, Denver, Colorado 80202–5435.