**ROYAL INSURANCE COMPANY OF AMERICA as subrogee of Harold Kaufman and Yenny Kaufman d/b/a Merrick Boulevard Associates, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Defendant.**

No. 90–CV–3299.

United States District Court, E.D. New York.

Oct. 5, 1992.

**16**

Cozen and O'Connor, Philadelphia, PA (Mark M. Bridge, of counsel), for plaintiff.

Callahan, Schepp, Yuhas, Adams & Carfora, New York City (Timothy Gillane, Louis Schepp, of counsel), for defendant.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

#### I. *Background*

This diversity negligence suit arose out of a fire which occurred on October 26, 1988 at 132–05 Merrick Blvd., Queens, New York. Plaintiff Royal Insurance Company ("Royal") filed suit as the subrogee of the owners of the building to whom it paid $470,674.00 un-

der a fire insurance policy. Defendant United Parcel Service ("UPS") was the primary tenant in the building, and both parties agree that the fire originated somewhere inside the UPS premises.

Royal alleged that UPS [1] negligently started the fire by its careless disposal of smoking materials into garbage receptacles; and [2] negligently permitted the fire to spread by not having sprinklers and failing to notify the New York City Fire Department promptly. The building did not have a sprinkler system because its construction antedated the enactment of otherwise applicable New York City regulations. Royal's theory of the case was that an unknown UPS employee started the fire by throwing a lit cigarette into a garbage pail in the UPS manager's office. Royal presented evidence indicating that UPS permitted its employees to smoke near the manager's office without taking safety precautions. Royal presented the testimony of Mr. Thomas Russo, an expert in fire investigation, who supported this claim.

UPS argued that the cause of the fire was electrical and originated from a light ballast located in the ceiling of the manager's office. The light ballast was found smoldering on the floor of the manager's office after the fire. UPS called Mr. Patrick Donohue, an expert in fire investigation, who supported this version of the events. Having bifurcated the trial to the issue of liability, the court received a jury verdict on June 26, 1992 in favor of UPS.[1]

Royal now moves pursuant to Fed.R.Civ.P. 50(b) for judgment as a matter of law, or in the alternative, pursuant to Fed.R.Civ.P. 59(a) for a new trial. Since these motions involve applications of different legal standards, they will be addressed separately *infra.*

#### II. *Discussion*

**1. Judgment as a Matter of Law (Rule 50(b))**

 Judgment as a matter of law is granted only when "the evidence is such that,

---

1. The jury's verdict was taken after it answered "no" to the Special Interrogatory No. 1, which reads as follows: "Did the plaintiff, Royal Insurance Company of America, establish by a pre-

ponderance of the credible evidence that the defendant is guilty of negligence which was a proximate cause of the fire and/or property damage?"

without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached." *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992), quoting *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir.1970). Simply put, if "reasonable persons may differ as to the conclusions to be drawn from the evidence...." then judgment as a matter of law cannot be obtained. *Id.* at 1047. The court must view the evidence in the light most favorable to the non-moving party in applying the standard. *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir.1992).

■ The jury had to determine the origin of the blaze without the assistance of any eyewitness testimony.[2] Reasonable persons could differ, as did the experts themselves, over the conclusions to be drawn by the evidence presented concerning burn patterns, fire duration, fire intensity, and the position and condition of the light ballast immediately after the fire. Reasonable persons could also differ as to the expert opinions themselves which provided the jury with two different theories about the cause of the fire. The plaintiff is not entitled to a judgment as a matter of law because there was more than one final conclusion as to liability which a reasonable jury could have reached.

### 2. New Trial (Rule 50(a))

■ The second part of the motion is more complex. A new trial should be granted when "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Song*, 957 F.2d at 1047 quoting *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir.1988). The court is free to weigh the evidence and a new trial is possible even if there is adequate evidence to support a jury's verdict. *Id.*

Royal argues that the jury reached a seriously erroneous result for the following five reasons: (1) the jury heard the opinion reached in the New York City Fire Marshal's report about the origin of the fire; (2) the jury should have been instructed on *res ipsa loquitur*; (3) the jury should not have been instructed on the "emergency" doctrine; (4) the jury instructions did not permit consideration of Royal's second theory of negligence; and (5) the jury instructions did not compare and contrast the differences between criminal and civil burdens of proof.

■ Royal's first point concerns the Fire Marshal's report, which was not in evidence. Royal correctly points out that UPS counsel cross-examined Mr. Russo by asking him questions which mentioned the Fire Marshal's opinion. *Royal v. UPS*, Excerpted Transcript, 6/11/92 ("Tr.") at 68 and 77. Royal made timely objections to these questions before Mr. Russo responded to them. *Id.* The Court instructed the jury that the Fire Marshal's report was not in evidence in response to these objections. Tr. at 84. The Court further instructed the jury that it should only consider the evidence and that "[s]tatements ... of counsel are not evidence...." Jury Instructions at 3. Royal's argument is consequently without basis because the jury was instructed not to consider any such statements made by UPS counsel.

■ Royal's second point concerns the Court's decision not to instruct the jury on *res ipsa loquitur*. Royal was not entitled to a jury instruction on *res ipsa loquitur* because Royal did not establish by a probability that the fire would not have occurred in the absence of negligence. In other words, the event did not speak for itself. *See e.g., Birdsall v. Montgomery Ward & Co.*, 109 A.D.2d 969, 486 N.Y.S.2d 461, 462–63 (3d Dept.1985), *aff'd* 65 N.Y.2d 913, 493 N.Y.S.2d 456, 483 N.E.2d 131 (1985). Royal next objects to the jury instruction on the emergency doctrine. This instruction was proper because, under a reasonable view of the evidence, UPS employees were confronted by a sudden and unforseen occurrence not of their own making. *See e.g., Rivera v. New York City Transit Authority*, 77 N.Y.2d 322, 567 N.Y.S.2d 629, 631–32, 569 N.E.2d 432, 434–35 (1991). Royal's fourth contention is that the Court did not permit the jury to consider its theory of UPS's alleged negligence in allowing the fire to spread. This claim is incorrect because the jury instructions and Special Inter-

---

**2.** While UPS employee Glen Carbone first spotted the fire, no one actually saw it start.

rogatory No. 1, *see* n. 1 *supra,* make explicit reference to that theory of liability.[3] Finally, Royal submits that it was entitled to a "routinely given" jury instruction which compares and contrasts the differences between criminal and civil burdens of proof. Royal cites no cases and the Court knows of none within this circuit which call for such a charge.

The court has carefully considered the merits of the plaintiff's motion, and for the reasons stated above, it is hereby DENIED.

SO ORDERED.

---

**3.** The Jury Instructions explicitly reference this theory of negligence as follows: "[i]n determining whether the defendant UPS was negligent, you must consider the various forms of negli- gence alleged by the plaintiff, some of which include negligence during the emergency caused by the fire." Jury Instructions at 10.