The **PEOPLE** of the State of
Colorado, Complainant,

v.

Jay B. **DAVIS**, Attorney–Respondent.

No. 95SA362.

Supreme Court of Colorado,
En Banc.

Feb. 12, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Jay B. Davis, Englewood, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline proceeding entered into a stipulation, agreement and conditional admission of misconduct with the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law for one year and one day. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation of discipline. We accept the conditional admission and the recommendation.

I

The respondent was admitted to practice law in Colorado in 1983. The conditional admission contains four counts, and the parties stipulated to the following facts and disciplinary violations.

A

■ In 1988, the respondent represented a joint venture in an effort to recover funds from the promoter of the venture. The joint venture was comprised of four individuals and a partnership. In April 1989, the respondent received, on behalf of the joint venture, a $30,000.00 partial payment from the promoter. The respondent retained $1,500.00 for future fees and disbursed the rest to the joint venturers.

A representative of one of the joint venturers claimed that he tried to contact the respondent numerous times in early 1990 to determine the status of the $1,500.00, without success. On February 20, 1992, almost sixteen months after his last letter to the respondent, the representative filed a request for investigation with the Office of Disciplinary Counsel. During the ensuing investigation, respondent for the first time provided a written accounting for the $1,500.00. The accounting claimed that between April 1989 and February 1990, the respondent and his paralegal performed about $600.00 more work than the amount withheld.

Although requested to do so, the respondent failed to communicate with the representative of his client and failed to provide a written accounting for the $1,500.00, in violation of DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 9–102(B)(3) (failure to render appropriate accounts to the client regarding client property).

B

During February and March 1993, the respondent admitted himself to a Denver hospital for substance abuse, including cocaine and alcohol abuse. The respondent has stipulated that he had abused cocaine and alcohol for some months prior to February 1993, contrary to C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

C

■ The respondent practiced law and was a principal in a movie production entity in 1990. Although the respondent believed that the entity was validly incorporated, it was not, and the respondent made no inquiries to any governmental agency as to the status of the entity. On June 26, 1990, the respondent and two other individuals who were partners in another movie business entered into an agreement for the production of a movie. When the first movie became economically infeasible, the parties entered into a second agreement to produce a second movie. The two other individuals were not represented by a lawyer. The respondent negligently misrepresented the corporate status of his movie business to the other individuals, and advised them that they did not need a lawyer to review the two agreements.

In September 1991, disputes arose between the respondent and the other two individuals regarding the agreements. The two

individuals demanded that the respondent pay them $25,000.00 and provide an accounting of the expenditures that had been made. Based on his own interpretation of the second agreement, the respondent refused to pay them the $25,000.00, although about $5,300.00 that had not been spent on the movie was returned.

The respondent admitted that the above conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 7–104(A)(2) (a lawyer shall not give advice to a person who is not represented by a lawyer, other than advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of the lawyer's client).

### D

■ The two individuals filed an action in district court against the respondent and his movie business, alleging the respondent committed fraud and misrepresentation, and converted their funds to his own use. By court order dated May 12, 1992, the respondent was sanctioned for failing to appear at his own deposition and for failing to produce documents as ordered. The respondent was also required to pay the individuals' lawyer $2,402.55 in attorney fees.

Additional sanctions were entered against the respondent and his business on July 31, 1992, because of the respondent's disregard of the Rules of Civil Procedure and his failure to follow court orders. The defendants' answer was stricken and judgment was entered in favor of the plaintiffs on the issue of liability. Four days before the trial on damages was to begin, the respondent filed for bankruptcy, but did not tell the plaintiffs' lawyer. Because of the automatic stay the trial was not held.

The respondent moved to dismiss the bankruptcy on October 30, 1992, and the trial on damages was reset for February 5, 1993. The day before the trial, however, the respondent filed a second petition for bankruptcy. The respondent has been making monthly payments under a Chapter 13 plan since May 1993 to the plaintiffs.

As he has admitted, the above conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 7–106(A) (a lawyer shall not disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding).

### II

■ The inquiry panel approved the conditional admission, including the recommendation that the respondent be suspended for one year and one day. "The commission of serious offenses involving the possession and use of illegal drugs warrants a substantial sanction." *People v. Abelman,* 804 P.2d 859, 861 (Colo.1991). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.

■ In mitigation, the assistant disciplinary counsel states that the respondent has no prior disciplinary record, *id.* at 9.32(a); there is an absence of a selfish or dishonest motive, *id.* at 9.32(b); full and free disclosure to the grievance committee, *id.* at 9.32(e); good character and reputation, *id.* at 9.32(g); the presence of a physical disability, *id.* at 9.32(h); delay in the disciplinary proceedings, *id.* at 9.32(j); the imposition of other sanctions or penalties, *id.* at 9.32(k); and the presence of remorse, *id.* at 9.32(*l*).

The multiple offenses are an aggravating factor. *Id.* at 9.22(d). Taking the seriousness of the misconduct together with the factors in aggravation, we conclude that suspension for one year and one day is an appropriate disciplinary sanction. *See People v. Richtsmeier,* 802 P.2d 471 (Colo.1990) (serious neglect of client's case, together with admitted cocaine and alcohol addiction, warrants suspension for one year and one day). Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III

Accordingly, it is hereby ordered that Jay B. Davis be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $774.05 within one year after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920-S, Denver, Colorado 80202.