Sonji WALKER, Plaintiff and Appellant,

v.

PARISH CHEMICAL COMPANY, Defendant and Appellee.

No. 950485–CA.

Court of Appeals of Utah.

April 4, 1996.

1158

Jeffery C. Peatross, R. Phil Ivie, and David N. Mortensen, Ivie & Young, Provo, for Appellant.

Eric P. Lee and Duane R. Smith, Dart, Adamson & Donovan, Salt Lake City, for Appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

JACKSON, Judge:

Sonji Walker appeals the trial court's entry of a judgment notwithstanding the verdict (j.n.o.v.) on her negligence claim after a jury verdict in her favor. Specifically, Walker claims she was entitled to the res ipsa loquitur instruction that the trial court ruled had been given improperly. We affirm.

## FACTS

On appeal from a j.n.o.v., we view the evidence and all reasonable inferences arising therefrom in a light most favorable to the party who prevailed at trial, and we recite the facts accordingly. *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1061–62 (Utah 1996); *Heslop v. Bank of Utah*, 839 P.2d 828, 830 (Utah 1992); *King v. Fereday*, 739 P.2d 618, 620 (Utah 1987).

On July 24, 1992, a fire broke out on the premises of Parish Chemical Company (Parish Chemical) in Utah County. As a result of the fire, officials evacuated a large area near Parish Chemical. Officials also rerouted traffic from Interstate 15 through Orem, Utah. Firefighters did not extinguish the fire but let it burn out because the smoke was toxic. Utah Valley Regional Medical Center established an emergency treatment area outside the hospital on the afternoon of the fire. Several patients complained of burning eyes, itching throats, coughing, and shortness of breath.

On the day of the fire, Walker was working at a convenience store at 1200 West and Center Street in Orem, Utah. Walker noticed the police and firefighters in the area, but she was not aware of any fumes or smoke. When she left work, Walker had a scratchy throat and felt dizzy. As she drove, Walker's dizziness increased and her vision blurred. Walker stopped at a friend's house and called her husband. Walker's husband picked her up and took her to the hospital's triage unit. Doctors diagnosed Walker with Reactive Airways Dysfunction Syndrome. Walker lost her voice for over a month, could walk only very slowly, and experienced headaches.

Walker filed the instant suit against Parish Chemical, alleging her injuries were the result of the company's negligence. At trial, Walker proceeded on a res ipsa loquitur theory. In other words, Walker could not point to a specific act of negligence that Parish Chemical committed; however, Walker hoped to establish the accident was the kind that would not occur absent negligence. Three witnesses testified about the fire. Those three witnesses agreed on the area of the building in which the fire started, but they only speculated about the origin or cause of the fire. Parish Chemical moved for a directed verdict, but the trial court allowed the case to go to the jury and gave the following instruction on the doctrine of res ipsa loquitur:

> Ordinarily, the plaintiff must prove negligence and proximate cause by a preponderance of the evidence. However, under certain circumstances, one who suffers injuries may hold another responsible without direct proof of negligence. You may draw an inference of negligence and proximate cause if you find that the accident or injury occurred under the following conditions:
>
> 1. The accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care;
>
> 2. The accident or injury was caused by a force that was controlled only by the defendant, or if you cannot specifically identify the force, that the defendant was

responsible for all likely causes of the accident or injury; and,

3. The plaintiff's actions were not the primary cause of the accident or injury. If you find that all of those conditions exist, then you may conclude that the defendant was negligent and that the defendant's negligence was a proximate cause of the plaintiff's accident or injury. However, you are not required to reach that conclusion. You should weigh all of the evidence in the case and decide whether a finding of negligence is warranted.[1]

The jury returned a verdict for Walker, finding Parish Chemical negligent. After the verdict, Parish Chemical moved the trial court for a j.n.o.v. *See* Utah R.Civ.P. 50(b). Parish Chemical argued Walker had failed to establish the necessary foundation for the res ipsa instruction, contending Walker had not shown the fire was more probably than not the result of Parish Chemical's negligence.

The trial court ruled Parish Chemical was entitled to judgment as a matter of law because Walker had not adduced sufficient evidence that the fire was more probably than not caused by Parish Chemical's negligence. Thus, Walker had failed to establish the necessary foundation for the res ipsa loquitur instruction. The trial court accordingly granted Parish Chemical's motion for a j.n.o.v. Walker now appeals.

## ISSUE AND STANDARD OF REVIEW

 Walker's appeal presents a narrow issue for our review: whether Walker adduced sufficient evidence to establish the fire was more probably than not the result of Parish Chemical's negligence and thus whether Walker was entitled to the jury instruction on res ipsa loquitur. We review the grant of a j.n.o.v. for correctness, affording no deference to the trial court. *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 799 (Utah 1991). Trial courts may grant a j.n.o.v. only when the losing party is entitled to judgment as a matter of law. *Hansen v. Stewart*, 761 P.2d 14, 17 (Utah 1988). Ac-

cordingly, we will affirm a j.n.o.v. only when the evidence is insufficient as a matter of law to support the jury's verdict. *See King v. Fereday*, 739 P.2d 618, 620 (Utah 1987); *Gustaveson v. Gregg*, 655 P.2d 693, 695 (Utah 1982).

## ANALYSIS

### Foundation for Res Ipsa Loquitur Instruction

 In Utah, res ipsa loquitur is an "evidentiary rule that allows an inference of negligence to be drawn when human experience provides a reasonable basis for concluding that an injury probably would not have happened if due care had been exercised." *King v. Searle Pharmaceuticals, Inc.*, 832 P.2d 858, 861 (Utah 1992). To employ the doctrine of res ipsa loquitur, plaintiffs initially must "establish a foundation from which an inference of negligence can be drawn." *Id.*

Put another way, "[b]efore a plaintiff is entitled to a jury instruction on *res ipsa loquitur*, the plaintiff must have presented evidence that the occurrence of the incident is 'more probably than not caused by negligence.'" *Ballow v. Monroe*, 699 P.2d 719, 722 (Utah 1985) (quoting *Quintal v. Laurel Grove Hosp.*, 62 Cal.2d 154, 41 Cal.Rptr. 577, 587, 397 P.2d 161, 171 (1964) (Traynor, C.J., concurring & dissenting)). Plaintiffs "need not eliminate all possible inferences of non-negligence, but the balance of probabilities must weigh in favor of negligence, or *res ipsa loquitur* does not apply." *Id.*

 Plaintiffs must establish the requisite prima facie foundation for res ipsa loquitur through one of two ways. The Utah Supreme Court has declared:

The probability that an occurrence was produced by negligence may be established by reference to the common experiences of the community. When, however, the probabilities of a situation are outside the realm of common knowledge, expert evi-

---

1. The instruction is based on Model Utah Jury Instructions (MUJI) 4.1 (1993) and is a correct statement of the law of res ipsa loquitur. The substance of the instruction is not at issue in this

appeal; rather, the question before us is whether Walker was entitled to have had the instruction given to the jury.

dence may be used to establish the necessary foundational probabilities.

*Id.* Thus, because an instruction on res ipsa loquitur allows a jury to infer negligence from the type of accident itself, " 'there must be a basis either in common knowledge or expert testimony that when such an accident occurs, it is more probably than not the result of negligence.' " *Talbot v. Dr. W.H. Groves' Latter–Day Saints Hosp.,* 21 Utah 2d 73, 75, 440 P.2d 872, 874 (1968) (quoting *Tomei v. Henning,* 67 Cal.2d 319, 62 Cal. Rptr. 9, 11, 431 P.2d 633, 635 (1967)); *accord King,* 832 P.2d at 862–63. Additionally, whether a plaintiff has established the requisite foundation for a res ipsa loquitur instruction is a question of law for the trial court to answer. *See* W. Page Keeton et al., *Prosser and Keeton on Torts* § 39, at 243 & n. 15 (5th ed. 1984).

### 1. A Basis in Common Knowledge?

■ Generally, fires of unknown origin are not the type of accident to which the doctrine of res ipsa loquitur applies. Professors Prosser and Keeton explain:

> [T]here are many accidents which, as a matter of common knowledge, occur frequently enough without anyone's fault. A tumble downstairs, a fall in alighting from a standing bus or street car, an ordinary slip and fall, a tire of an ordinary automobile which blows out, a skidding car, a staph infection from an operation, *a fire of unknown origin,* will not in themselves justify the conclusion that negligence is the most likely explanation; and to such events res ipsa loquitur does not apply.

*Id.* at 246 (footnotes omitted) (emphasis added). Common experience of the community demonstrates that fires frequently occur without any negligent act or omission. The Idaho Supreme Court has observed, "Our common knowledge and experience, or that of a jury, would not justify the inference that

the accident would not have happened in the absence of negligence in that there are many possible causes for a building fire in the absence of negligence." *Jerome Thriftway Drug, Inc. v. Winslow,* 110 Idaho 615, 717 P.2d 1033, 1037 (1986). Furthermore, courts historically have begun analyses of the application of res ipsa loquitur to fires of unknown origin with "the postulate that the experience of [hu]mankind is that fires may and do in fact have multiple causes, some of which involve negligence and some of which do not." *Appalachian Ins. Co. v. Knutson,* 242 F.Supp. 226, 237–38 (W.D.Mo.1965), *aff'd,* 358 F.2d 679, 681 (8th Cir.1966).[2]

Nevertheless, most courts proceed from the general premise that fires of unknown origin frequently occur in the absence of negligence to examine the particular facts and circumstances of the individual fire. *See, e.g., Lanza v. Poretti,* 537 F.Supp. 777, 787 (E.D.Pa.1982); *Menth v. Breeze Corp.,* 4 N.J. 428, 73 A.2d 183, 186 (1950); *Foerster v. Fischbach–Moore, Inc.,* 178 N.W.2d 258, 263 (N.D.1970). Plaintiffs therefore are not precluded from receiving a res ipsa loquitur instruction in every case involving a fire of unknown origin. Instead, the application of the res ipsa loquitur doctrine necessarily depends upon the facts and circumstances of the particular case. Even so, plaintiffs must establish that the balance of probabilities in the specific fire weigh in favor of negligence as its cause. *See Ballow,* 699 P.2d at 722. Moreover, that threshold requirement must be established by reference to the common experiences of the community or to expert testimony. *See id.*

■ The testimony at trial regarding the fire offered several possibilities regarding its origin. Three witnesses: Mark Karamesines, Parish Chemical's plant manager; Dr. Walter Wesley Parish, Parish Chemical's president; and Russell Ted Peacock, Orem

**2.** Courts uniformly have held the doctrine of res ipsa loquitur does not apply to fires whose specific origins remain unknown and unestablished by the plaintiff. *See, e.g., Royal Ins. Co. v. United Parcel Serv., Inc.,* 147 F.R.D. 15, 17 (E.D.N.Y. 1992), *aff'd,* 992 F.2d 320 (2d Cir.1993); *Lanza v. Poretti,* 537 F.Supp. 777, 787–88 (E.D.Pa. 1982); *Milwaukee Land Co. v. Basin Produce Corp.,* 396 F.Supp. 528, 532 (E.D.Wash.1975); *In re Estate of Morse,* 192 Kan. 691, 391 P.2d 117, 121–22 (1964); *Gutknecht v. Wagner Bros. Moving & Storage Co.,* 266 S.W.2d 19, 24 (Mo.Ct.App. 1954); *Menth v. Breeze Corp.,* 4 N.J. 428, 73 A.2d 183, 186 (1950); *Foerster v. Fischbach–Moore, Inc.,* 178 N.W.2d 258, 263 (N.D.1970); *DaVinci Creations, Inc. v. Nu–Frame Co.,* 418 A.2d 851, 853–54 (R.I.1980); *Wood v. Geis Trucking Co.,* 639 P.2d 903, 906–07 (Wyo.1982).

City Director of Public Safety, all testified about possible causes of the fire. While they agreed the fire began in Stockroom A of the Parish Chemical building, they only speculated about the origin of the fire. In ·fact, Peacock testified that the official cause of the fire was undetermined. The three witnesses speculated about the fire's cause. In short, the testimony regarding the fire's origin was all about possibilities rather than probabilities.

Walker nonetheless insists on appeal that the facts and circumstances surrounding the fire at Parish Chemical allowed her to establish the requisite foundation for the res ipsa loquitur instruction by reference to common knowledge. Walker argues that common knowledge teaches that nothing in Stockroom A would burn except the chemicals. The floor was concrete; the walls were concrete and cinder block; the shelves were steel; no other appliances, machinery, or instruments were in the room; and many of the chemicals in Stockroom A were flammable and combustible. Walker claims these facts establish the fire was more probably than not the result of Parish Chemical's negligent storage of the chemicals. Walker's position requires a bridge from the facts of a storage room for flammable materials to the legal conclusion of negligent storage of those materials. Common knowledge and experience do not build that bridge.

The testimony at trial suggested several possibilities for the cause of the Parish Chemical fire, including arson, faulty fluorescent lighting, and leakage of one or many chemicals. In cases where "one of several sources might have caused the fire, the purposes underlying the [res ipsa loquitur] doctrine would not be furthered by its application." *Lanza*, 537 F.Supp. at 788. Juries should not be allowed to infer negligence in cases where several equally likely possibilities or causes exist because the core purpose of the rule is to permit "the inference of negligence to be drawn where the probabilities favor that deduction." *Id.* Walker failed to show that Parish Chemical's negligence was the more probable of the fire's several possible causes.

Walker was required to build a bridge of logical probability from the facts of Stockroom A to the legal conclusion of Parish Chemical's negligence before she was entitled to a res ipsa instruction. The evidence Walker adduced at trial failed to build that bridge. Walker did not present sufficient evidence about the point of ignition, the path the fire took, or even about the chemicals or other materials that may have fueled the fire. Walker's evidence showed only that the fire began in Stockroom A and that Stockroom A was apparently fire resistant except for the flammable and combustible chemicals it contained. Such evidence is not sufficient foundation for a jury instruction on res ipsa loquitur.

The logical cause of a fire in a storeroom, even a storeroom for combustible chemicals, is not more probably negligence than non-negligence. Such an accident is not like a barrel of flour falling from a warehouse window onto a pedestrian. *See Byrne v. Boadle*, 2 H & C 722, 159 Eng.Rep. 299 (1863). Furthermore, a fire in a chemical storeroom is not like a falling elevator, *see Kunzie v. Leeds, Inc.*, 66 Ohio App. 469, 469–70, 34 N.E.2d 448, 448 (1941); a sudden slamming of automatic doors in an airport, *see Rose v. Port of New York Auth.*, 61 N.J. 129, 293 A.2d 371, 375 (1972); glass particles found in a loaf of bread, *see Dryden v. Continental Baking Co.*, 11 Cal.2d 33, 77 P.2d 833, 833 (1938); or a surgical cutting needle found in a patient's abdomen, *see Nixdorf v. Hicken*, 612 P.2d 348, 353 (Utah 1980). In short, common knowledge does not support a reasonable inference that a custom chemical manufacturer was negligent simply because a fire broke out in one of its storerooms.

### 2. A Basis in Expert Testimony?

█ When the logical probabilities of an accident lie outside the realm of common knowledge, plaintiffs may "establish the necessary foundational probabilities" through the admission of expert evidence. *Ballow*, 699 P.2d at 722. Thus, Walker could have adduced expert testimony that might have built a bridge from the facts of Stockroom A to the legal conclusion that Parish Chemical negligently stored its product.

However, Walker did not present any expert witnesses at trial. The three witnesses

who testified about the fire all speculated about possible causes of the fire, but none offered an expert opinion about the cause. The only testimony about the official cause of the fire came from the Orem City Director of Public Safety who reported the cause of the fire was officially undetermined. Accordingly, Walker failed to adduce any expert testimony to establish the necessary foundational probabilities for a jury instruction based on the res ipsa loquitur doctrine.

 In sum, Walker relied on the testimony of three witnesses who speculated on several possibilities for the cause of the fire. The requisite foundation for a res ipsa instruction "cannot rest upon speculation or conjecture, nor upon a mere choice of probabilities." *Wightman v. Mountain Fuel Supply Co.*, 5 Utah 2d 373, 376, 302 P.2d 471, 473 (1956). Plaintiffs must present sufficient evidence to establish that the particular accident at issue was more likely than not the result of negligence. Moreover,

> [a]s long as the conclusion is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that the burden of proof has not been sustained.

Keeton et al., *supra,* § 39, at 242. Walker relied on speculation and conjecture. Thus, the trial court correctly concluded she was not entitled to a jury instruction on res ipsa loquitur and correctly ruled Parish Chemical was entitled to judgment as a matter of law.

## CONCLUSION

Walker failed to adduce sufficient evidence to establish the fire was more probably than not the result of Parish Chemical's negligence. Thus, the trial court's ultimate ruling on the motion for a j.n.o.v. was correct. Accordingly, we affirm the trial court's judgment notwithstanding the verdict.

BILLINGS and GREENWOOD, JJ., concur.